[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 11-14028 & 11-15383
Non-Argument Calendar
_____

Agency No. A079-868-734

QUYNH ANH THI NGUYEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of Decisions of the
Board of Immigration Appeals
_____

(July 24, 2012)

Before MARTIN, FAY and EDMONDSON, Circuit Judges.

PER CURIAM:

Quynh Anh Thi Nguyen seeks review of the Board of Immigration Appeals's ("BIA") final order deeming her inadmissible as an alien convicted of a crime of moral turpitude, pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I), as well as its order denying reconsideration. Upon review of the record and consideration of the parties' briefs, we deny Nguyen's petitions.[1]

Pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I), Nguyen was charged with being an inadmissible alien due to her prior conviction for a crime of moral turpitude. Nguyen sought relief from removal, claiming that a pardon for her conviction was forthcoming and would render her eligible for a waiver of inadmissibility. Following a hearing, the Immigration Judge ("IJ") handling Nguyen's case found Nguyen ineligible for any relief and ordered her removal. Nguyen appealed that decision to the BIA and, while the appeal was pending, also moved to remand her case because the pardon had subsequently been granted. The BIA denied Nguyen's appeal and motion to remand because it interpreted 8 U.S.C. § 1182(a)(2)(A)(i)(I), governing inadmissibility of aliens, not to provide a pardon waiver. Nguyen petitioned for review in this Court.

---

[1] Though we generally do not have jurisdiction to review any final order of removal against an alien convicted of a crime of moral turpitude, 8 U.S.C. § 1252(a)(2)(C), we have jurisdiction to review the question of law presented here—whether a pardon provides a basis for an alien who is inadmissible under 8 U.S.C. § 1182 to receive a waiver of inadmissibility, id. at § 1252(a)(2)(D).

While that petition was pending, Nguyen also moved the BIA to reconsider its decision. The BIA denied that later motion because Nguyen had failed to identify an error in the agency's earlier decision. In reaching its conclusion, the BIA pointed to Balogun v. U.S. Att'y Gen., 425 F.3d 1356 (11th Cir. 2005), in which this Court held that pardon waivers do not apply to aliens inadmissible under 8 U.S.C. § 1182, id. at 1362–63. Nguyen petitioned this Court for review of that BIA decision as well, and her two petitions were consolidated.

We review the BIA's denial of Nguyen's motions for abuse of discretion. See Ali v. Att'y Gen., 643 F.3d 1324, 1329 (11th Cir. 2011) (motion for remand); Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1340–41 (11th Cir. 2003) (motion for reconsideration). We review legal issues de novo under that standard. Tovar v. U.S. Att'y Gen., 646 F.3d 1300, 1303 (11th Cir. 2011).

In these consolidated petitions Nguyen argues that the BIA, in denying her motions for remand and reconsideration, erred when it determined that her State pardon did not negate her inadmissability. As she did before the BIA, Nguyen argues that her case is governed by In the Matter of H-, 6 I. & N. Dec. 90 (BIA 1954), which she claims establishes that a pardon can eliminate the immigration consequences stemming from a conviction for a crime involving moral turpitude, not only for deportable aliens but also for aliens deemed inadmissible.

3

We reject that argument.  Regardless of whether Nguyen is correct about the holding and continuing authority of In the Matter of H-, we agree with the BIA that this case is governed by our decision in Balogun v. U.S. Att'y Gen., 425 F.3d 1356 (11th Cir. 2005).  There, this Court held that "Section 1182 does not have a pardon provision . . . , and we believe that if Congress had intended to extend the pardon waiver to inadmissible aliens, it would have done so."  Id. at 1362.

We are bound by that prior panel decision of this Circuit, unless it is overruled by the en banc court or the Supreme Court.  See, e.g., De la Rosa v. U.S. Att'y Gen., 579 F.3d 1327, 1337 n.14 (11th Cir. 2009) (noting that Circuit precedent is binding, thus precluding the adoption of a proposed alternative construction of the Immigration and Nationality Act's inadmissibility provision).  And, for cases arising in the Eleventh Circuit, so is the BIA.  See Matter of Zorilla-Vidal, 24 I. & N. Dec. 768, 769 (BIA 2009) (stating that BIA decisions are controlling authority, but only absent Circuit precedent).

Like the petitioner in Balogun, Nguyen is an alien who has been denied admission into the United States because of a past conviction for a crime of moral turpitude, pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I).  As a result, we cannot say that the BIA erred in concluding that Nguyen could not obtain a waiver of inadmissibility based on her pardon.

4

**PETITIONS DENIED.**