# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2012

No. 11-60633
Summary Calendar

Lyle W. Cayce
Clerk

ORAL JACKSON,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 051 341

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Oral Jackson, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the immigration judge (IJ), which concluded that Jackson's Florida state conviction for possession of marijuana with intent to sell or deliver constituted an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii); that the same Florida state conviction and Jackson's conviction for possession of drug paraphernalia constituted convictions relating to a controlled substance under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60633

§ 1227(a)(2)(B)(i); that the aggravated felony conviction rendered him ineligible for withholding of removal and other forms of discretionary relief; and that relief under the Convention Against Torture (CAT) was unwarranted.

In his petition for review, Jackson argues that the BIA erred as a matter of law in concluding that his conviction under Florida Statute § 893.13(1)(a)(2), for possession of marijuana with intent to sell or deliver, constituted a felony under the Controlled Substances Act and an aggravated felony under § 1227(a)(2)(A)(iii). Jackson bore the burden of showing that he was convicted of only misdemeanor conduct. *Moncrieffe v. Holder*, 662 F.3d 387, 392 (5th Cir. 2011), *cert. granted*, 132 S. Ct. 1857 (2012). Because he did not carry this burden, he has shown no error. He also has failed to demonstrate his eligibility for relief in the form of cancellation of removal and waiver of inadmissibility.

Jackson additionally asserts that he was denied a fair opportunity to contest the IJ's denial of withholding of removal and protection under the CAT. Because he failed to exhaust this claim by raising it before the BIA, this court does not have jurisdiction to consider it. 8 U.S.C. § 1252(a)(2)(C), (D), (d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

PETITION DENIED.