# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-60541
Summary Calendar

RAPHIEL ROBERT DAVIS, also known as Super Alien Davis,
also known as Raphiel Davis,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A036 524 010

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Raphiel Robert Davis, a native and citizen of Guyana, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the immigration judge (IJ), which concluded that Davis's Florida state conviction for unlawfully selling marijuana constituted an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) and that the aggravated felony conviction rendered him ineligible for withholding of removal.  In his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60541

petition for review, Davis argues that the BIA erred as a matter of law in concluding that his conviction under Florida Statute § 893.13(1)(a)(2) constituted a felony under the Controlled Substances Act (CSA) and an aggravated felony under § 1227(a)(2)(A)(iii). He renews his argument that he could have been convicted of simply possessing a small quantity of marijuana for distribution without remuneration, which would be only a misdemeanor under federal law. Davis also argues that the IJ committed error by denying him the opportunity to apply for cancellation of removal.

Whether an offense is an aggravated felony is a question of law which we review de novo. *Andrade v. Gonzales*, 459 F.3d 538, 544 (5th Cir. 2006). Drug trafficking crimes are considered aggravated felonies and include any felony punishable under the CSA. *Moncrieffe v. Holder*, 662 F.3d 387, 390 (5th Cir. 2011), *cert. granted*, 132 S. Ct. 1857 (2012). Under Florida Statute § 893.13(1)(a)(2), it is a felony of the third degree "to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." A person convicted of a third degree felony under § 893.13(1)(a)(2) faces a term of imprisonment not exceeding five years. FLA. STAT. ANN. § 775.082(3)(d). Because this state felony is punishable by more than one year in prison, it would be considered a felony under federal law. *See* 21 U.S.C. § 802(13).

Moreover, because the state court charging documents show that Davis was convicted of selling or delivering marijuana for consideration, the BIA correctly concluded that his Florida conviction does not fit within the misdemeanor exception of 21 U.S.C. § 841(b)(4). Instead, the record establishes that Davis committed an "aggravated felony" that rendered him removable under § 1227(a)(2)(A)(iii). *See* 8 U.S.C. § 1101(a)(43)(B). That being so, Davis cannot show any error as to the determination that he was ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3).

PETITION DENIED.