# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60086

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2014

Lyle W. Cayce
Clerk

ANDRES PAEZ SARMIENTOS,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Andres Paez Sarmientos petitions for review from an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) determination that he is not eligible for cancellation of removal because he committed an aggravated felony. Because we hold that the Florida offense of which Paez Sarmientos was convicted is not categorically an aggravated felony, we grant the petition, vacate the order, and remand for further proceedings.

## I

Paez Sarmientos, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident in December 1990. In 2005, he pleaded guilty to delivering cocaine in violation of Florida Statute

No. 13-60086

§ 893.13(1)(a)(1).[1] The trial judge withheld the adjudication of guilt and ordered that Paez Sarmientos serve one day in jail and be placed on 24 months of supervised probation. For federal immigration purposes, a state guilty plea accompanied by some form of punishment is a conviction,[2] and we thus refer to Paez Sarmientos's Florida offense as a conviction.

After a trip abroad, in May 2012, Paez Sarmientos sought to return to the United States and applied for admission as a lawful permanent resident at Laredo, Texas. The U.S. Department of Homeland Security (DHS) denied him admission and initiated removal proceedings based on the 2005 Florida conviction. DHS alleged that Paez Sarmientos was removable, under Immigration and Nationality Act (INA) § 212(a)(2)(A)(i)(II), as an alien convicted of violating a controlled substance law because of his conviction of cocaine delivery.[3]

The IJ agreed with DHS. In an oral decision, the IJ first concluded Paez Sarmientos was inadmissible because he was convicted of violating a controlled substance law. The IJ also denied Paez Sarmientos's request to apply for cancellation of removal under 8 U.S.C. § 1229b(a), concluding that Paez Sarmientos had been convicted of an aggravated felony.[4] Paez Sarmientos had

---

[1] FLA. STAT. ANN. § 893.13(1)(a) (providing, "it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance"). Subsection 893.13(1)(a)(1) states that a person commits a felony of the second degree if the offense involves, among other substances, cocaine. *Id.* § 893.13(1)(a)(1) (citing § 893.03(2)(a), where cocaine is listed as a Schedule II controlled substance).

[2] *See* 8 U.S.C. § 1101(a)(48)(A).

[3] INA § 212(a)(2)(A)(i)(II), codified at 8 U.S.C. § 1182(a)(2)(A)(i)(II), provides, "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . is inadmissible."

[4] 8 U.S.C. § 1229b(a) (providing that an alien who is inadmissible may seek cancellation of removal from the Attorney General if the alien has been a lawfully admitted permanent resident for not less than 5 years, has resided in the United States continuously for 7 years after having been admitted, and has not been convicted of an aggravated felony).

contended that the Florida offense of cocaine delivery was broader than a federal drug trafficking offense under 8 U.S.C. § 1101(a)(43)(B), which is an aggravated felony, because the Florida statute did not have the same mens rea requirement as the federal law.

In rejecting Paez Sarmientos's position, the IJ noted that, unlike the federal offense of distribution of a controlled substance, the Florida statute placed the burden on the defendant to prove he lacked knowledge of the illicit nature of the controlled substance as an affirmative defense. The IJ reasoned that there was no significant distinction between the Florida crime and the federal offense even though Florida treats knowledge of the illicit nature of the substance as an affirmative defense rather than as a traditional element of the crime that the prosecution must prove beyond a reasonable doubt. The IJ accordingly concluded that Paez Sarmientos was ineligible for cancellation of removal.

Paez Sarmientos appealed to the BIA, challenging the IJ's decision to deny him the opportunity to seek cancellation of removal. In considering the argument that the Florida offense did not contain the same mens rea requirement as the federal offense and was therefore not categorically an aggravated felony, the BIA acknowledged that the Florida statute converted "knowledge of the illicit nature of the substance . . . from an element into an affirmative defense." However, the BIA concluded that the Florida statute was "sufficiently analogous to the federal felony offense of distribution of a controlled substance," an aggravated felony. The BIA thus agreed with the IJ that Paez Sarmientos was not eligible for cancellation of removal and dismissed his appeal. A petition for review was filed in this court.

No. 13-60086

## II

Although 8 U.S.C. § 1252(a)(2)(C) provides "that no court has jurisdiction to review deportation orders for aliens who are removable because they were convicted of aggravated felonies,"[5] § 1252(a)(2)(D) provides that we may review claims raising constitutional or purely legal questions.[6]  The issue of whether Paez Sarmientos's Florida offense constitutes a conviction for an aggravated felony is a purely legal question and we therefore have jurisdiction to consider it.[7]  This question of law is reviewed de novo.[8]  We give deference to the BIA's interpretation of the statutes and regulations that it enforces, but no deference is afforded in reviewing the BIA's interpretation of state criminal law.[9]  "We may not affirm the BIA's decision except on the basis of the reasons it provided."[10]

## III

The INA defines "aggravated felony" as, among other offenses, "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."[11] We are concerned today only with a "drug trafficking crime (as defined in [18 U.S.C. § 924(c)])."  The term "drug trafficking crime" is defined under 18 U.S.C. § 924(c) to encompass "any felony punishable under the Controlled Substances

---

[5] *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013) (internal quotation marks omitted).

[6] *See* 8 U.S.C. § 1252(a)(2)(D); *Zhu v. Gonzales*, 493 F.3d 588, 594-95 (5th Cir. 2007).

[7] *See Rodriguez*, 705 F.3d at 210.

[8] *Id.*

[9] *Dale v. Holder*, 610 F.3d 294, 301-02 (5th Cir. 2010); *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 461 n.7 (5th Cir. 2006).

[10] *Rodriguez-Barajas v. Holder*, 624 F.3d 678, 679 (5th Cir. 2010).

[11] 8 U.S.C. § 1101(a)(43)(B).

No. 13-60086

Act."[12]  A felony under federal law is an offense for which "the maximum term of imprisonment authorized" is "more than one year."[13]  An offense punishable under the Controlled Substances Act by more than one year's imprisonment will be treated as an aggravated felony for immigration purposes.[14]  The INA's definition of an "aggravated felony" further provides that the term "applies to an offense described in this paragraph whether in violation of Federal or State law."[15]  The Supreme Court has explained that a conviction under state law "may qualify, but a 'state offense constitutes a "felony punishable under the Controlled Substances Act" only if it proscribes conduct punishable as a felony under that federal law.'"[16]

As the Supreme Court explained in *Moncrieffe v. Holder*,[17] we generally employ a categorical approach to determine whether a state offense proscribes conduct punishable as a felony under the Controlled Substances Act.[18]  Under the categorical approach, "we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony."[19]  "[A] state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense."[20]  Accordingly, "[b]ecause we examine

---

[12] 18 U.S.C. § 924(c)(2).

[13] 18 U.S.C. § 3559(a).

[14] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1683 (2013).

[15] 8 U.S.C. § 1101(a)(43).

[16] *Moncrieffe*, 133 S. Ct. at 1683 (quoting *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006)).

[17] 133 S. Ct. 1678 (2013).

[18] *Moncrieffe*, 133 S. Ct. at 1684-85 (citing *Nijhawan v. Holder*, 557 U.S. 29, 33-38 (2009)).

[19] *Id.* at 1684 (internal quotation marks omitted).

[20] *Id.* (internal quotation marks and brackets omitted).

what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense."[21]  The Supreme Court identified qualifications to this approach, which include modifying the categorical approach when a state statute contains several different crimes, and recognizing that when focusing on the minimum conduct criminalized by the state statute, "there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."[22]

In *Descamps v. United States*,[23] the Supreme Court made clear that the modified categorical approach described above may only be applied when the statute of conviction contains multiple crimes set forth as alternative elements.[24]  In such a case, we may look to a limited class of documents to determine which of the alternative offenses was the basis of the defendant's conviction.[25]  When a prior conviction is based on an indivisible statute, meaning "one not containing alternative elements," that "criminalizes a broader swath of conduct than the relevant generic offense," a court cannot look beyond the elements set forth in the statute.[26]

The Florida statute of conviction in the present case was divisible, as it criminalized various discrete acts.[27] We know from the charging document and

---

[21] *Id.* (internal quotation marks and brackets omitted).

[22] *Id.* at 1685 (internal quotation marks omitted).

[23] 133 S. Ct. 2276 (2013).

[24] *See Descamps*, 133 S. Ct. at 2284-86.

[25] *Id.* at 2285.

[26] *Id.*

[27] FLA. STAT. ANN. § 893.13(1)(a).

the plea agreement in this case that Paez Sarmientos pleaded guilty to the provisions of the Florida statute criminalizing delivery of cocaine. [28] The specific federal drug trafficking crime that the BIA considered analogous to the Florida crime was distribution of a controlled substance under 21 U.S.C. § 841(a)(1). Section 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."[29] Under this provision, "distribute" means "to deliver,"[30] cocaine is classified as a controlled substance,[31] and cocaine distribution is punishable as a felony.[32] Federal law is clear that, to be convicted under § 841(a)(1), the prosecutor must prove beyond a reasonable doubt that the defendant knew that the substance he manufactured, distributed, dispensed, or possessed was a controlled substance of some kind.[33]

The Florida crime to which Paez Sarmientos pleaded guilty, Florida Statute § 893.13(1)(a), provides that "it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver,

---

[28] *See Moncrieffe*, 133 S. Ct. at 1685 ("We know from his plea agreement that Moncrieffe was convicted of the last of these offenses [listed in a similar Georgia statute].") (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

[29] 21 U.S.C. § 841(a)(1).

[30] *Id.* § 802(11).

[31] *Id.* § 812(c).

[32] *See id.* § 841(b)(1)(C).

[33] *See United States v. Gamez-Gonzalez*, 319 F.3d 695, 699-700 (5th Cir. 2003) (recognizing that a conviction under § 841(a)(1) requires knowledge that the substance was a controlled substance, but rejecting the argument that knowledge of the exact drug type or quantity is an element of the offense); *see also United States v. Sanders*, 668 F.3d 1298, 1309 (11th Cir. 2012) ("The § 841(a) offense is complete once the person commits the proscribed act and knows that the substance is a 'controlled substance.'"); *United States v. Abdulle*, 564 F.3d 119, 125-26 (2d Cir. 2009) ("[T]he law is settled that a defendant need not know the exact nature of a drug in his possession to violate § 841(a)(1); it is sufficient that he [or she] be aware that he [or she] possesses some controlled substance.").

a controlled substance."[34] Subsection 893.13(1)(a)(1) outlines the penalties for an offense involving the controlled substance of cocaine.[35] The Florida statute does not specify what mental state is necessary to obtain a conviction.[36] The Florida Supreme Court, in *Chicone v. State*,[37] held that to convict a defendant of possession of a controlled substance under § 893.13, the prosecution had to prove "guilty knowledge," including that the defendant knew he possessed the substance and knew of the illicit nature of the substance.[38] The Florida Supreme Court reaffirmed this holding in *Scott v. State*.[39] However, in response to these decisions, the Florida Legislature in 2002 enacted Florida Statute § 893.101, which provides as follows:

> (1) The Legislature finds that the cases of [*Scott* and *Chicone*] holding that the state must prove that the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.

> (2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.

> (3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance. . . .[40]

---

[34] FLA. STAT. ANN. § 893.13(1)(a).

[35] *Id.* § 893.13(1)(a)(1) (citing *id.* § 893.03(2)(a), where cocaine is listed as a Schedule II controlled substance).

[36] *State v. Adkins*, 96 So. 3d 412, 415 (Fla. 2012).

[37] 684 So. 2d 736 (Fla. 1996).

[38] *Chicone*, 684 So. 2d at 743-44; *see also Adkins*, 96 So. 3d at 415 (discussing *Chicone*).

[39] 808 So. 2d 166, 169-70 (Fla. 2002).

[40] FLA. STAT. ANN. § 893.101.

Section 893.101 "thus expressly eliminates knowledge of the illicit nature of the controlled substance as an element of controlled substance offenses and expressly creates an affirmative defense of lack of knowledge of the illicit nature of the substance."[41]

Paez Sarmientos argues that a conviction under § 893.13(1)(a)(1), as modified by § 893.101, does not require that the defendant knew that the substance at issue was a controlled substance whereas conviction under the federal statute does. He asserts that, contrary to the BIA's reasoning, his 2005 state conviction for delivery of cocaine is therefore not analogous to the federal offense of distribution of a controlled substance. We agree.

Although this question is a matter of first impression in this circuit,[42] we find persuasive the reasoning of the Eleventh Circuit in *Donawa v. U.S. Attorney General*.[43] There, the court held that § 893.13 is not an aggravated felony for immigration purposes.[44] The case involved possession of cannabis with intent to sell or deliver,[45] not delivery of cocaine as here, but the analysis applies equally to this case. As the Eleventh Circuit explained, "[u]nder the categorical approach, it is clear that the 'least of the acts criminalized' [by the

---

[41] *Adkins*, 96 So. 3d at 416. In *State v. Adkins*, the Florida Supreme Court held that it was not unconstitutional to convert "knowledge of the illicit nature of the controlled substance" from an element of the Florida crime to an affirmative defense through Florida Statute § 893.101. *Id.* at 423.

[42] In unpublished decisions, this court has held that § 893.13(1)(a) is a drug trafficking crime and therefore an aggravated felony for immigration purposes. But these decisions did not address the argument that Paez Sarmientos raises here: that the Florida statute does not require knowledge of the illicit nature of the controlled substance. *See Davis v. Holder*, 514 F. App'x 517, 518 (5th Cir. 2013) (unpublished); *Jackson v. Holder*, 487 F. App'x 181, 181 (5th Cir. 2012) (unpublished).

[43] 735 F.3d 1275 (11th Cir. 2013). This decision was issued after the parties' briefing was completed, but Paez Sarmientos brought it to our attention in a Rule 28(j) letter.

[44] *Donawa*, 735 F.3d at 1283.

[45] *Id.* at 1278.

Florida statute] does not necessarily violate 21 U.S.C. § 841(a)(1)."[46]  This is because, although a person could be convicted under the Florida statute without any knowledge of the illicit nature of the substance he possesses, the same person could not be convicted of drug trafficking under 21 U.S.C. § 841(a)(1).[47]  Applying the same logic here, the least of the acts criminalized by the delivery of cocaine crime under Florida Statute § 893.13(1)(a)(1) does not necessarily violate the federal cocaine distribution statute since the federal offense requires the prosecution to prove beyond a reasonable doubt an element that the state offense does not: knowledge of the illicit nature of the substance.[48]  Paez Sarmientos's state conviction is thus not categorically an aggravated felony.

The Government nonetheless contends that the Florida offense is a categorical match to the federal offense even though "knowledge of the illicit nature of the substance" is an affirmative defense under Florida law but an element of the crime the prosecution must prove beyond a reasonable doubt under federal law.  According to the Government, because a defendant can raise the affirmative defense if he actually lacks knowledge of the illegal nature of the substance, the affirmative defense ensures that the defendant is "convicted based on knowledge of the substance's illicit nature just as he or she would have been under federal law."

This argument misses the mark.  A defendant can be convicted under the Florida law at issue without a finding beyond a reasonable doubt or an admission in a plea agreement that the defendant knew of the substance's illicit nature if the defendant either fails to raise the affirmative defense or

---

[46] *Id.* at 1281 (referencing *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013)).

[47] *See id.* at 1281-82.

[48] *See United States v. Gamez-Gonzalez,* 319 F.3d 695, 699-700 (5th Cir. 2003).

No. 13-60086

fails to meet his burden of persuasion.[49] Because we cannot say that "the least of the acts criminalized" by the Florida statute is encompassed by the federal offense,[50] the Florida crime of delivery of cocaine does not, as a matter of law, constitute an aggravated felony.

The BIA erred in holding that § 893.13(1)(a)(1) is categorically an aggravated felony and in denying Paez Sarmientos the opportunity to seek cancellation of removal from the Attorney General.

*   *   *

Paez Sarmientos's petition is GRANTED, and we VACATE AND REMAND for further proceedings consistent with this opinion.

---

[49] *State v. Adkins*, 96 So. 3d 412, 415-16 (Fla. 2012) (explaining that "knowledge of the illicit nature of the controlled substance" is no longer an element of the Florida crime that the prosecution must prove beyond a reasonable doubt); *see Donawa*, 735 F.3d at 1282-83 (rejecting the argument that the prosecution ever bears the burden to prove that the defendant knew of the illicit nature of the substance under Florida law, even when the defendant raises the affirmative defense of lack of knowledge).

[50] *Moncrieffe*, 133 S. Ct. at 1684 (internal quotation marks and alterations omitted).

11