# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40089

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2014

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

WALTER ADELMO VILLEDA-MEJIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-728-1

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Walter Adelmo Villeda-Mejia appeals his within-guidelines sentence of 27 months of imprisonment imposed following his guilty-plea conviction for illegal presence in the United States after removal. He challenges the district court's determinations that his prior state court conviction under Washington Revised Code (RCW) § 69.50.401 was a drug trafficking offense and an aggravated felony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40089

Because Villeda-Mejia did not object to these determinations in the district court, review is for plain error. *See United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008). To show plain error, Villeda-Mejia must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Villeda-Mejia contends that the district court erred when it enhanced his guidelines offense by eight levels on the basis that his 1999 state conviction under RCW § 69.50.401(a)(1)(i) was a felony drug trafficking offense for purposes of U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(B). A defendant, such as Villeda-Mejia, sentenced under § 2L1.2 is subject to an eight-level increase if he was previously deported after having been convicted of a drug-trafficking offense for which the sentence imposed was 13 months or less and the conviction did not receive criminal history points. U.S.S.G. § 2L1.2(b)(1)(B). Courts employ a categorical approach when determining whether a prior conviction qualifies as an enumerated offense for enhancement purposes, looking to the elements of the prior offense rather than the facts underlying that conviction. *United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir. 2005). When it is necessary to determine if the defendant's prior offense falls within the definition of the enumerated offense, the court may consider certain judicial records, including the judgment, "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir. 2008).

No. 13-40089

Section 69.50.401 states "Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." Although the government introduced at sentencing a number of documents as to Villeda-Mejia's conviction under this statute without objection, Villeda-Mejia argues on appeal that these documents are ambiguous and unreliable and should not be considered in determining whether his prior conviction constitutes a drug trafficking offense. He argues that the Washington statute may encompass different drugs than those encompassed by the guidelines, *cf. Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013), although he conceded that the statute is divisible in this regard. *Cf. United States v. Castleman,* No. 12-1371, 2013 U.S. LEXIS 9152 *22 (U.S. Mar. 26, 2014) (noting that the parties there did not contest that the statute in question was "divisible"). We disagree that the nature of the drug is ambiguous. The documents show that the drug was "heroin," plainly a controlled substance for purposes of the guidelines in question (and Villeda-Mejia admitted as much before the district court).

Villeda-Mejia also argues that "delivery" under the Washington statute (but not the guidelines enhancement) includes "administering" such that he must prevail in light of *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), and *Descamps*. Neither case involved the same situation presented here. Unlike those cases, here Villeda-Mejia has not pointed to a Washington case applying this statute in an "administering" situation. Accordingly, it is far from clear that the Washington statute encompasses "administering." We have previously held that a "theoretical possibility" that a state statute would encompass conduct that is not part of the offense to which an enhancement would apply is insufficient to avoid the enhancement. *United States v. Carrasco-Tercero*, 12-51243, 2014 U.S. App. LEXIS 4726 *11 (5th Cir. Mar. 13,

2014).  Certainly the idea that delivery under the Washington statute would encompass "administering" is not "clear or obvious" as required for plain error. We also conclude that this "theoretical possibility" makes it inappropriate for us to exercise our discretion to correct any such error under the fourth prong of plain error review.  *See United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc) ("[W]e do not view the fourth prong as automatic if the other three prongs are met.").  In light of the judgment and sentence, the information, and the statute of conviction, we hold that the district court did not plainly err in finding Villeda-Mejia's conviction for delivery of heroin constituted a drug-trafficking offense for purposes of § 2L1.2(b)(1)(B)'s enhancement.  *See United States v. Marban-Calderon*, 631 F.3d 210, 211-13 (5th Cir. 2011).

The district court also did not plainly err in finding that the conviction qualifies as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2).  *See* 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c); 21 U.S.C. § 802(8); 21 U.S.C. § 812(c); 21 U.S.C. § 841(a)(1), (b)(1)(C); *Marban-Calderon*, 631 F.3d at 211-13. Thus, it was not plain error for the district court to convict and sentence Villeda-Mejia under § 1326(b)(2).  *See Puckett*, 556 U.S. at 135.

Accordingly, the district court's judgment is AFFIRMED.