# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40159
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

FERNANDO CASANOBA-RUBI, true name Gregorio Abarca-Aguilar, also known as Rubei Fernandez Casanoba,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-893-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Fernando Casanoba-Rubi (Casanoba) appeals his conviction for illegal reentry into the United States following deportation and his sentence of 37 months of imprisonment. He argues that the district court plainly erred in enhancing his offense level for a prior drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A) based on a 1993 Washington conviction for delivery of heroin.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40159

*See* WASH. REV. CODE § 69.50.401(a)(1)(i) (West 1993).  Because Casanoba did not challenge his sentence on this basis in the district court, we review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Section 2L1.2(b)(1)(A)(i) provides for a 12-level increase to a defendant's offense level if he was previously removed after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months, if this conviction does not receive criminal history points.  Generally, we apply the "categorical approach" to determine whether a prior conviction is a predicate offense under the Guidelines, looking at the category of conduct the statute criminalizes rather than the facts underlying the prior offense. *Descamps v. United States*, 133 S. Ct. 2276, 2283-85 (2013); *Shepard v. United States*, 544 U.S. 13, 17 (2005).

According to Casanoba, the enhancement did not apply because the Washington statute criminalized a broader range of conduct than the Guidelines offense.  Specifically, he contends that the Washington statute defines "delivery" to include administering an illegal substance while the Guidelines do not.  We rejected this same argument in *United States v. Villeda-Mejia*, 559 F. App'x 387, 389 (5th Cir. 2014) (per curiam).  As in that case, Casanoba has failed to show a clear or obvious error in the application of the enhancement.  *See id.*; *see also United States v. Carrasco-Tercero*, 745 F.3d 192, 197-98 (5th Cir. 2014).  Moreover, in light of *Villeda-Mejia*, and in the absence of binding authority to the contrary, any error in the district court is neither clear nor obvious.  *See, e.g.*, *United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009).

Although Casanoba argues additionally that the judgment and information were insufficient to support the enhancement, he has failed to show that the Washington provision encompasses conduct beyond that of the

Guidelines offense.    Therefore, he has failed to show that the district court considered, or should have considered, the documentation of the prior offense beyond the fact of conviction itself.    *Cf. Descamps*, 133 S. Ct. at 2281.

Casanoba also asserts for the first time on appeal that the district court plainly erred in characterizing his conviction as arising under 8 U.S.C. § 1326(b)(2).    In *Villeda-Mejia*, we held that the district court did not plainly err in treating a conviction under Washington Revised Code § 60.50.401 as an aggravated felony pursuant to § 1326(b)(2).    559 F. App'x at 389.    Therefore, as with Casanoba's challenge to the enhancement, any error in the district court is neither clear nor obvious.    *See, e.g., Guerrero-Robledo*, 565 F.3d at 946.

For these reasons, the judgment of the district court is AFFIRMED.