REVISED October 28, 2016

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2016

Lyle W. Cayce
Clerk

No. 14-60888

JOSE FLORES-LARRAZOLA, also known as Jose Maria Flores, also known as Jose Maria Flores-Larrazola,

  Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

  Respondent

-------

Petition for Review of an Order of the
Board of Immigration Appeals

-------

Before DAVIS, ELROD, and HIGGINSON, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

The question in this case is whether an alien convicted of recklessly possessing with the intent to deliver at least ten pounds of marijuana for remuneration has engaged in "illicit trafficking in a controlled substance" such that he is an aggravated felon and is therefore ineligible for relief from removal. We answer in the affirmative and **DENY** the petition for review.

## I.

The facts of this case are undisputed. On July 21, 2000, Jose Flores-Larrazola ("Flores-Larrazola"), a native citizen of Mexico and a lawful

permanent resident of the United States, pleaded guilty to possession with the intent to deliver over ten pounds of marijuana in violation of Ark. Code Ann. § 5-64-401(a) (2000).[1] Approximately fourteen years later, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against Flores-Larrazola, charging him with removability under 8 U.S.C. § 1227(a)(2)(B)(i) and 8 U.S.C. § 1227(a)(2)(A)(iii). Flores-Larrazola admitted, before an Immigration Judge ("IJ"), that he is removable under 8 U.S.C. § 1227(a)(2)(B)(i). He is an alien who, after admission to the United States, was convicted of violating an Arkansas law "relating to a controlled substance . . . other than . . . 30 grams or less of marijuana" for personal use.[2] However, Flores-Larrazola denied that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii), arguing that he is not an aggravated felon within the meaning of 8 U.S.C. § 1101(a)(43)(B) and is therefore eligible for relief from removal.

The IJ, in a written decision, held that Flores-Larrazola is removable under 8 U.S.C. § 1227(a)(2)(B)(i) *and* 8 U.S.C. § 1227(a)(2)(A)(iii). With respect to the latter provision, the IJ held that Flores-Larrazola is an aggravated felon within the meaning of 8 U.S.C. § 1101(a)(43)(B) and is therefore ineligible for relief from removal. Flores-Larrazola appealed this aspect of the IJ's ruling to the Board of Immigration Appeals ("BIA"), which affirmed. This timely petition for review followed, and we have jurisdiction to decide it pursuant to 8 U.S.C. § 1252(a)(2)(D).[3]

## II.

"Whether a prior conviction constitutes an aggravated felony under the

---

[1] Since repealed by the Public Safety Improvement Act, No. 570, § 33, 2011 Ark. Acts 1851, 1889.

[2] 8 U.S.C. § 1227(a)(2)(B)(i).

[3] *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234 (5th Cir. 2009).

Immigration and Nationality Act ("INA") is a question of law we review *de novo*, as is the BIA's determination that an alien is ineligible for discretionary relief in the form of cancellation of removal."[4]

### III.

Ark. Code Ann. § 5-64-401(a) does not include a *mens rea* element. It simply states that "[i]t is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance." However, when an Arkansas "statute defining an offense does not prescribe a culpable mental state, a culpable mental state is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly."[5] Ark. Code Ann. § 5-64-401(a) therefore renders it unlawful for any person to purposely, knowingly, or recklessly manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance.

> The INA allows the Government to deport various classes of noncitizens, such as those who overstay their visas, and those who are convicted of certain crimes while in the United States, including drug offenses. Ordinarily, when a noncitizen is found to be deportable on one of these grounds, he may ask the Attorney General for certain forms of discretionary relief from removal, like asylum (if he has a well-founded fear of persecution in his home country) and cancellation of removal (if, among other things, he has been lawfully present in the United States for a number of years). But if a noncitizen has been convicted of one of a narrower set of crimes classified as "aggravated felonies," then he is not only deportable, but also ineligible for these discretionary forms of relief.[6]

"The INA defines 'aggravated felony' to include a host of offenses"[7] listed in 8 U.S.C. § 1101(a)(43). In this case, we address 8 U.S.C. § 1101(a)(43)(B), which

---

[4] *Garcia v. Holder*, 756 F.3d 839, 842 (5th Cir. 2014) (internal quotations, citations, and alterations omitted).

[5] ARK. CODE ANN. § 5-2-203(b) (2016).

[6] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1682 (2013).

[7] *Id.* at 1683.

states that the term "aggravated felony" means "illicit trafficking in a controlled substance . . . including a drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2). Flores-Larrazola asserts that his conviction under § 5-64-401(a) is not a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2) and we assume *arguendo* that is true. The question then is whether Flores-Larrazola's conviction constitutes "illicit trafficking in a controlled substance," a phrase that the INA has left undefined.[8]

Flores-Larrazola suggests that we should interpret "illicit trafficking in a controlled substance" and "a drug trafficking crime" as one and the same. He notes that in order for a state offense to constitute a "drug trafficking crime," it must *necessarily* proscribe conduct punishable as a felony under the Controlled Substances Act ("CSA").[9] Ark. Code Ann. § 5-64-401(a) punishes, *inter alia*, those who purposely, knowingly, or *recklessly* possess with the intent to deliver marijuana. The CSA, by contrast, only punishes those who *knowingly or intentionally* possess with the intent to distribute marijuana.[10] It does not criminalize reckless behavior. Thus, according to Flores-Larrazola, Ark. Code Ann. § 5-64-401(a) does not *necessarily* proscribe conduct punishable as a felony under the CSA, is not a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2), and does not constitute "illicit trafficking in a controlled substance."

Flores-Larrazola's argument is not well taken. "Illicit trafficking in a controlled substance" includes, but is not limited to, the "drug trafficking crime" defined in 18 U.S.C. § 924(c)(2).[11] The *mens rea* required to commit the

---

[8] *Lopez v. Gonzales*, 549 U.S. 47, 50 (2006).

[9] *See Sarmientos v. Holder*, 742 F.3d 624, 628 (5th Cir. 2014).

[10] *See* 18 U.S.C. § 924(c)(2) (defining a drug trafficking crime as, *inter alia*, any felony punishable under the CSA); 21 U.S.C. § 841(a)(1) (rendering it unlawful "for any person [to] *knowingly or intentionally* . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance") (emphasis added).

[11] *See Lopez*, 549 U.S. at 52—53 ("The INA makes Lopez guilty of an aggravated felony if he has been convicted of 'illicit trafficking in a controlled substance . . . *including,' but not*

former[12] is not required to commit the latter.[13] The "rule against superfluities" encourages us to interpret 8 U.S.C. § 1101(a)(43)(B) in a way that "effectuate[s] all its provisions, so that no part is rendered superfluous."[14] We do so here and hold that a state crime can constitute "illicit trafficking in a controlled substance" even if it does not qualify as a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2).

We now must decide whether Flores-Larrazola's prior conviction constitutes "illicit trafficking in a controlled substance." Ark. Code Ann. § 5-64-401(a) is a divisible statute, insofar as it "sets out one or more elements of the offense in the alternative."[15] It combines three *mens rea* elements (purposely, knowingly, or recklessly) with four *actus reus* elements

---

*limited to*, 'a drug trafficking crime . . . .'") (emphasis added); *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1280 (11th Cir. 2013) ("[T]he question before us can be broken down into *two distinct issues*: (1) whether a [prior state offense] constitutes a 'drug trafficking crime'; and (2) *if not, whether it falls into the broader category of 'illicit trafficking in a controlled substance.'*") (emphasis added); *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008) ("This statutory definition has given rise to *two possible routes* for a state drug felony to qualify as an aggravated felony. First, under the phrase 'illicit trafficking in a controlled substance,' a state drug crime is an aggravated felony 'if it contains a trafficking element.' Second, under the phrase 'including a drug trafficking crime (as defined in section 924(c) of Title 18),' a state drug crime is an aggravated felony if it would be punishable as a felony under the federal drug laws.'") (emphasis added); *Arce-Vences v. Mukasey*, 512 F.3d 167, 171 (5th Cir. 2007) ("[T]o constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), a prior state offense must *either* involve some sort of commercial dealing *or* be punishable as a federal felony under the Controlled Substances Act.") (emphasis added); *Gerbier v. Holmes*, 280 F.3d 297, 312—13 (3d Cir. 2002) ("[A] state drug conviction may constitute an 'aggravated felony' under § 1101(a)(43) when it constitutes *either* 'illicit trafficking in any controlled substance' *or* a 'drug trafficking crime.'") (emphasis added).

[12] *See* 18 U.S.C. § 924(c)(2) (defining a drug trafficking crime as, *inter alia*, any felony punishable under the CSA); 21 U.S.C. § 841(a)(1) (rendering it unlawful "for any person [to] knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance").

[13] *See Spaho v. U.S. Att'y Gen.*, No. 15-11299, 2016 WL 4978352, at *4 (11th Cir. Sept. 19, 2016).

[14] *Howard Hughes Co., L.L.C. v. C.I.R.*, 805 F.3d 175, 183 (5th Cir. 2015).

[15] *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *see also United States v. Villeda-Mejia*, 559 F. App'x 387, 389 (5th Cir. 2014) (unpublished) (accepting, without analysis, that a similar statute is divisible).

(manufacture, deliver, or possess with the intent to manufacture or deliver) to create twelve different crimes. We therefore, like the BIA, apply the "modified categorical approach"[16] and utilize the *Shepard* documents[17] to determine whether Flores-Larrazola engaged in "illicit trafficking in a controlled substance."

The *Shepard* documents in this case include the charging document and the judgment and commitment order. Taken together, they establish that "on or about June 30, 1999 . . . [Flores-Larrazola] did unlawfully and feloniously . . . possess with the intent to deliver" at least ten pounds of marijuana.[18] Arkansas law holds that one who attempts to "deliver" marijuana

---

[16] Flores-Larrazola contends that *Moncrieffe* stands for the broad proposition that we can only employ the categorical approach when seeking to determine whether a state offense constitutes "illicit trafficking in a controlled substance." Blue Brief at 13. We disagree for two reasons. First, the Supreme Court has made clear, post-*Moncrieffe*, that the modified categorical approach still "applies to 'state statutes that contain several different crimes . . . .'" *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 n.4 (2015) (quoting *Moncrieffe*, 133 S. Ct. at 1684); *see also Spaho*, 2016 WL 4978352, at *4 (applying the modified categorical approach to determine whether a state conviction constitutes "illicit trafficking in a controlled substance"). Second, the Supreme Court has defined "illicit trafficking" in such a way that we must utilize the *Shepard* documents in order to ensure that Flores-Larrazola was convicted of a crime that required him to possess with the intent to deliver more than a "small amount" of marijuana. *See infra*.

[17] *See Moncrieffe*, 133 S. Ct. at 1684 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 35 (2009)) (holding that the *Shepard* documents, "in the case of a guilty plea, [include] the plea agreement, [the] plea colloquy, or 'some comparable judicial record' of the factual basis for the plea").

[18] To be clear, we do not hold that Flores-Larrazola is an "aggravated felon" because of any facts "particular" to his case. *See Mellouli*, 135 S. Ct. at 1986 n.4. Ark. Code Ann. § 5-64-401(a) is a divisible statute. *See supra*. Accordingly, we look to the *Shepard* documents to determine "which particular offense" Flores-Larrazola was convicted of. *See Mellouli*, 135 S. Ct. at 1986 n.4. Flores-Larrazola was convicted of a "Class B Felony . . . [for which he was subject to] 5 - 20 yrs. ADC and/or a fine NLT $15,000.00 and/or NMT $50,000." Ark. Code Ann. § 5-64-401(a)(4)(B) is a Class B Felony, ARK. CODE ANN. § 5-64-401(a)(4)(B)(ii), and those who violate it are subject to five to twenty years imprisonment and/or a $15,000 to $50,000 fine, ARK. CODE ANN. § 5-64-401(a)(4)(B)(i). The factual basis for Flores-Larrazola's plea states that he possessed with the intent to deliver "in excess" of ten pounds of marijuana. That is likely no coincidence, as an offender must possess with intent to deliver at least ten pounds of marijuana in order to violate Ark. Code Ann. § 5-64-401(a)(4)(B). *See* ARK. CODE ANN. § 5-64-401(a)(4)(B)(i). Based upon the foregoing, we conclude that Flores-Larrazola was

attempts to exchange it "for money or anything of value."[19] That is, Arkansas law presumes that one who attempts to "deliver" marijuana attempts to exchange it for remuneration. We therefore hold that Flores-Larrazola was convicted[20] of recklessly possessing with the intent to deliver at least 10 pounds of marijuana for remuneration.

The BIA has held that the phrase "illicit trafficking" includes "'any state, federal, or qualified foreign felony conviction involving the unlawful trading or dealing' in a controlled substance as defined by Federal law."[21] We now adopt that definition in this circuit.[22] Ark. Code Ann. § 5-64-401(a) is a state felony[23] and marijuana is a controlled substance as defined by federal law.[24] The only question is whether Flores-Larrazola was engaged in "trading or dealing" marijuana.

The Supreme Court has made clear that one does not "trade or deal" in marijuana unless he sells, or in this case, possesses with the intent to sell, more

---

convicted of violating Ark. Code Ann. § 5-64-401(a)(4)(B). Which brings us back to our initial point: Flores-Larrazola is not an "aggravated felon" because of any facts "particular" to his case. He is an "aggravated felon" because we know, based upon his statute of conviction, that he, at a minimum, recklessly possessed with intent to deliver at least ten pounds of marijuana for remuneration, which constitutes "illicit trafficking in a controlled substance."

[19] ARK. CODE ANN. § 5-64-101(7) (2016) (noting that the word "deliver," as used in Ark. Code Ann. § 5-64-401(a), "means the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance or counterfeit substance in exchange for money or anything of value").

[20] Flores-Larrazola asserts that the BIA violated his due process rights by never giving him the "chance to present any proof inside or outside the record that he was not an illicit trafficker . . . ." Blue Brief at 14. We, however, have held that "[e]ligibility for discretionary relief from a removal order is not 'a liberty or property interest warranting due process protection.'" *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 219 (5th Cir. 2003) (quotations omitted). Flores-Larrazola admits that he is eligible for removal under 8 U.S.C. § 1227(a)(2)(B)(i). His due process argument therefore lacks merit.

[21] *Matter of L-G-H-*, 26 I. & N. Dec. 365, 368 (BIA 2014) (emphasis omitted) (quoting *Matter of Davis*, 20 I. & N. Dec. 536, 540—41 (BIA 1992)).

[22] *See Spaho*, 2016 WL 4978352, at *4.

[23] ARK. CODE ANN. § 5-64-401(a)(1)(i) (2000).

[24] 21 U.S.C. § 812(c).

than a "small amount" of marijuana for remuneration.[25] Flores-Larrazola was convicted of recklessly possessing with the intent to deliver at least ten pounds of marijuana for remuneration. The Supreme Court has instructed that in determining what constitutes a "small" amount of marijuana, courts are to utilize their common sense. Common sense dictates that ten pounds of marijuana is no "small amount," particularly in light of the 1.3 grams of marijuana that the Supreme Court declared "small" in *Moncrieffe*.[26] We therefore hold that Flores-Larrazola was convicted of a state felony that constitutes "illicit trafficking in a controlled substance" such that he is an aggravated felon and is ineligible for relief from removal. The petition for review is **DENIED**.

---

[25] *See Moncrieffe*, 133 S. Ct. at 1693—94.
[26] *See id.*