# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60210
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2019

Lyle W. Cayce
Clerk

HUMBERTO ALONZO-TOVAR, also known as Humberto Tovar Alonso,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A034 586 442

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Humberto Alonzo-Tovar, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed the denial of deferral of removal under the Convention Against Torture (CAT). Alonzo-Tovar also has filed a motion for a stay of deportation, although the parties agree that he already has been removed from the United States. We DENY the motion for a stay as MOOT.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60210

For an alien removable on account of an aggravated felony, as here, our limited jurisdiction allows the review of constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Sarmientos v. Holder*, 742 F.3d 624, 627 (5th Cir. 2014). As to the constitutionally-based claim to U.S. citizenship that Alonzo-Tovar re-urges in this court, the Supreme Court's holding in *Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1686, 1698 (2017), bars his challenge. *See Villegas-Sarabia v. Sessions*, 874 F.3d 871, 882-83 (5th Cir. 2017) (concluding that, in light of *Morales-Santana*, it was error to extend the one-year exception to fathers), *cert. denied*, 139 S. Ct. 320 (2018). As to Alonzo-Tovar's argument that the BIA erred in rejecting his claim for CAT relief, Alonzo-Tovar's removability on account of an aggravated felony strips us of jurisdiction to review his fact-based challenge. *See* § 1252(a)(2)(C)-(D); *Siwe v. Holder*, 742 F.3d 603, 613 (5th Cir. 2014).

Therefore, we DENY the petition IN PART and DISMISS the petition IN PART.