# Matter of Juan Carlos ZORILLA-VIDAL, Respondent

File A045 240 272 - Miami, Florida

*Decided March 20, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Outside the jurisdiction of the United States Court of Appeals for the Ninth Circuit, a conviction for criminal solicitation under a State's general purpose solicitation statute is a conviction for a violation of a law "relating to a controlled substance" under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2006), where the record of conviction reflects that the crime solicited is an offense relating to a controlled substance. *Matter of Beltran*, 20 I&N Dec. 521 (BIA 1992), reaffirmed. *Coronado-Durazo v. INS*, 123 F.3d 1322 (9th Cir. 1997), followed in jurisdiction only.

FOR RESPONDENT: Sandra Echevarria, Esquire, Miami, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kathy Giraitis, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated July 3, 2007, an Immigration Judge terminated removal proceedings against the respondent. The Department of Homeland Security ("DHS") has appealed from that decision. The respondent opposes the appeal and urges that we affirm the Immigration Judge's decision. The appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge for further proceedings.

The respondent, a native and citizen of Colombia, was convicted on February 26, 2003, of criminal solicitation in violation of section 777.04(2) of the Florida Statutes, based on his plea of no contest to a charge that he solicited the delivery of cocaine, an offense in violation of section 893.13(1)(a)(1) of the Florida Statutes. Under Florida law, the elements of criminal solicitation are (1) commanding, hiring, requesting, or encouraging another person to commit a crime and (2) the intent that the other person commit the crime. *The Florida Bar v. Marable*, 645 So.2d 438, 442 (Fla. 1994). The issue before us is whether solicitation under Florida law is an offense "relating to a controlled substance" under section 237(a)(2)(B)(i) of

the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2006), where the record of conviction reflects that the crime solicited is the delivery of cocaine. We answer this question in the affirmative and hold that our own precedent decision in *Matter of Beltran*, 20 I&N Dec. 521 (BIA 1992), is controlling authority on the question in the absence of contrary precedent from the United States Court of Appeals for the Eleventh Circuit, in whose jurisdiction this proceeding arises. 8 C.F.R. § 1003.1(g) (2008) ("Except as Board decisions may be modified or overruled . . . , decisions of the Board . . . shall be binding on . . . immigration judges in the administration of the immigration laws of the United States."). The Eleventh Circuit has issued no precedent decision that is contrary to *Matter of Beltran*. Accordingly, the charge of removability under section 237(a)(2)(B)(i) of the Act will be sustained and the Immigration Judge's decision to the contrary will be vacated.

We recognize that the Ninth Circuit has adopted precedent that is directly at odds with our holding in *Matter of Beltran*, *supra*. *See, e.g.*, *Coronado-Durazo v. INS*, 123 F.3d 1322, 1325 (9th Cir. 1997). Furthermore, the Sixth Circuit has held that the Florida solicitation statute at issue here does not define a "controlled substance offense" for purposes of the career offender provision of the United States Sentencing Guidelines, even where the solicited crime was trafficking in cocaine. *See United States v. Dolt*, 27 F.3d 235 (6th Cir. 1994). Yet two other circuits—the Second and the Fifth—have affirmatively upheld the rule of *Matter of Beltran* despite the aforementioned precedents. *Mizrahi v. Gonzales*, 492 F.3d 156, 164-65 (2d Cir. 2007);[1] *Peters v. Ashcroft*, 383 F.3d 302, 306-07 (5th Cir. 2004). Given this division of authority, we reject the Immigration Judge's apparent conclusion that the Sixth Circuit's decision in *United States v. Dolt*, *supra*, represents a controlling change in nationwide law as to whether a conviction for soliciting the delivery of cocaine under Florida's general purpose solicitation statute can constitute a conviction for violating a law "relating to a controlled substance" within the meaning of section 237(a)(2)(B)(i) of the Act. On the contrary, the fact that the more recent Federal circuit court decisions are consistent with *Matter of Beltran* reinforces our continuing view that it was correctly decided and remains viable outside the Ninth Circuit.[2]

---

[1] Moreover, the Second Circuit noted that it, too, had rendered a decision similar to the Sixth Circuit's in *Dolt*, *see United States v. Liranzo*, 944 F.3d 73, 79 (2d Cir. 1991), but found that decision to be distinguishable, both because the Sentencing Guidelines do not employ the "relating to" phrase and because the Board was entitled to deference in this context. *Mizrahi v. Gonzales*, *supra*, at 165 n.11.

[2] In *Coronado-Durazo v. INS*, *supra*, the Ninth Circuit found that the plain language of the statute precluded the construction placed upon it by *Matter of Beltran*.

In conclusion, we reaffirm our precedent in *Matter of Beltran* and find that the respondent's Florida conviction for soliciting the delivery of cocaine is a conviction for an offense under State law relating to a controlled substance that makes him removable from the United States under section 237(a)(2)(B)(i) of the Act. Accordingly, the DHS's appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings against the respondent are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.