# Matter of L-G-H-, Respondent

*Decided August 15, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

   Sale of a controlled substance in violation of section 893.13(1)(a)(1) of the Florida Statutes, which lacks a mens rea element with respect to the illicit nature of the substance but requires knowledge of its presence and includes an affirmative defense for ignorance of its unlawful nature, is an "illicit trafficking" aggravated felony under section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2012).

FOR RESPONDENT:  Jesus Novo, Esquire, Miami, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Elizabeth A. S. Thaler, Associate Legal Advisor

BEFORE:  Board Panel:  PAULEY, MALPHRUS, and MULLANE, Board Members.

PAULEY, Board Member:

   In a decision dated September 4, 2013, an Immigration Judge found the respondent removable and denied his application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2012).  The Immigration Judge also denied the respondent's applications for asylum and withholding of removal under sections 208(a) and 241(b)(3) of the Act, 8 U.S.C. §§ 1158 and 1231(b)(3) (2012), as well as his request for protection pursuant to the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture").  The respondent has filed a timely appeal from that decision.  The respondent's request for a waiver of the filing fee associated with the filing of an appeal is granted.  8 C.F.R. §§ 1003.3(a)(1), 1003.8(a)(3) (2014).  The appeal will be dismissed in part, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

   The respondent is a native and citizen of Venezuela who was first admitted to the United States as a nonimmigrant visitor on April 28, 1989.

On June 21, 2003, he adjusted his status to that of a conditional permanent resident. He became a lawful permanent resident when the conditions were removed on July 24, 2006.

On December 1, 2006, the respondent was convicted of selling cocaine in violation of section 893.13(1)(a)(1) of the Florida Statutes. On the same day, he was convicted of possession of cocaine in violation of section 893.13(6)(a) of the Florida Statutes. Again on January 9, 2009, the respondent was convicted of both possession of cannabis with intent to sell, manufacture, or deliver in violation of section 893.13(1)(a)(2) of the Florida Statutes and of use or possession of drug paraphernalia in violation of section 893.147(1).

Based on these convictions, the Department of Homeland Security ("DHS") issued a notice to appear, charging that the respondent was removable under sections 237(a)(2)(A)(ii) and (B)(i) of the Act, 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (B)(i) (2012), as an alien who was convicted of two or more crimes involving moral turpitude and of a controlled substance violation. The DHS subsequently lodged an additional charge under section 237(a)(2)(A)(iii) of the Act, charging that the respondent was convicted of illicit trafficking in a controlled substance, which is an aggravated felony under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2012).

At his removal hearing, the respondent admitted the factual allegations and conceded the charges in the notice to appear, but he denied the lodged charge that he was convicted of an aggravated felony. Based on the respondent's convictions and his concession of removability, the Immigration Judge found him removable as an alien convicted of a controlled substance violation.[1] He further determined that the respondent was convicted of an aggravated felony based on his conviction for selling cocaine. The Immigration Judge also denied each of the respondent's applications for relief from removal. On appeal, the respondent argues that the Immigration Judge erred in finding that his convictions were for aggravated felonies and in denying his applications for relief. A panel of the Board held oral argument on March 6, 2014.[2]

---

[1] The Immigration Judge did not sustain the charge relating to crimes involving moral turpitude under section 237(a)(2)(A)(ii) of the Act. The DHS has not contested the Immigration Judge's finding on that charge, and we consider the issue waived. *Matter of R-A-M-*, 25 I&N Dec. 657, 658 n.2 (BIA 2012).

[2] The parties agreed during oral argument that the issues on appeal in this case did not involve any factual disputes. We review de novo the question of law presented on appeal. 8 C.F.R. § 1003.1(d)(3)(ii) (2014).

## II.  LEGAL BACKGROUND

Section 101(a)(43)(B) of the Act includes within the definition of an aggravated felony

> illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code).

Prior to the enactment of section 893.101 of the Florida Statutes, the Florida Supreme Court held that the "guilty knowledge" element of the crime of possession of a controlled substance contained two aspects: knowledge of the presence of the substance and knowledge of its illicit nature. *Scott v. State*, 808 So. 2d 166, 169–70 (Fla. 2002); *Chicone v. State*, 684 So. 2d 736, 738, 745–46 (Fla. 1996).  In 2002, the Florida legislature found those cases to be contrary to legislative intent and expressly eliminated knowledge of the substance's illicit nature as an element of controlled substance offenses.  Fla. Stat. § 893.101 (2002).  The statute did not, however, eliminate the element of knowledge of the presence of the substance, and it created an affirmative defense of lack of knowledge of the illicit nature of the substance.  *State v. Adkins*, 96 So. 3d 412, 415−16 (Fla. 2012).

This change was evidently intended to help facilitate the prosecution of drug offenses in Florida.  However, for purposes of the immigration laws, the amendment had the effect of preventing drug trafficking offenses in Florida from qualifying as aggravated felonies under the "drug trafficking crime" clause of section 101(a)(43)(B) of the Act.  *See Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275 (11th Cir. 2013).  In that case, the United States Court of Appeals for the Eleventh Circuit held that because Florida law eliminated knowledge of the illicit nature of the controlled substance as a required element of the offense of drug trafficking under section 893.13(1)(a), that statute is now broader than the corresponding Federal crime at 21 U.S.C. § 841(a) (2012), which requires such knowledge for conviction.[3]  *Id.* at 1281−82.  Consequently, this offense cannot qualify as an aggravated felony under the "drug trafficking crime" clause of

---

[3]   At the time of the respondent's conviction under section 893.13(1)(a) of the Florida Statutes, it was "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."  By contrast, 21 U.S.C. § 841(a)(1), which is among the drug trafficking offenses listed in 18 U.S.C. § 924(c)(2), makes it "unlawful for any person *knowingly or intentionally* . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." (Emphasis added.)

section 101(a)(43)(B) of the Act. *Id.* at 1281–83;[4] *see also Sarmientos v. Holder*, 742 F.3d 624, 630−31 (5th Cir. 2014) (concurring with the reasoning in *Donawa*). *See generally Descamps v. United States*, 133 S. Ct. 2276, 2283–86 (2013); *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1683−85 (2013); *Lopez v. Gonzales*, 549 U.S. 47, 52−55 (2006).

However, the court expressly declined to consider the possibility that such an offense could be an aggravated felony under the "illicit trafficking" clause of section 101(a)(43)(B), and it remanded the case to the Board to consider the question. *Donawa v. U.S. Att'y Gen.*, 735 F.3d at 1283−84. *See generally Matter of Sanchez-Cornejo*, 25 I&N Dec. 273, 274 (BIA 2010) (stating that under section 101(a)(43)(B) of the Act, the "illicit trafficking" clause of the aggravated felony definition is distinct from the "drug trafficking crime" clause). This case addresses that question. For the reasons that follow, we conclude that the respondent's conviction for selling cocaine in violation of section 893.13(1)(a)(1) of the Florida Statutes is for an aggravated felony under the illicit trafficking clause of section 101(a)(43)(B) of the Act.

## III. ANALYSIS

### A. "Illicit Trafficking"

The phrase "illicit trafficking" is not defined in the Act, but we have determined that Congress used the term to include "any state, federal, or qualified foreign felony conviction involving the *unlawful trading or dealing*" in a controlled substance as defined by Federal law. *Matter of Davis*, 20 I&N Dec. 536, 540−41 (BIA 1992) (emphasis added), *modified on other grounds*, *Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002). The record establishes that the respondent was convicted of a State felony involving cocaine, a federally controlled substance.[5] Thus, the conviction

---

[4] Under Florida law, a violation is a felony of the second degree under section 893.13(1)(a)(1) if drugs such as cocaine are involved, but it is a felony of the third degree under section 893.13(1)(a)(2) for other substances, including cannabis. In *Donawa*, the Eleventh Circuit specifically addressed section 893.13(1)(a)(2). However, we conclude that its holding applies to the statute more broadly since the only difference between sections 893.13(1)(a)(1) and (2) is the controlled substance described.

[5] The respondent's conviction expressly indicates that it was for a felony of the second degree, and he has not disputed that the controlled substance was cocaine. Therefore, we need not consider whether the substances covered as second degree felonies under Florida law are broader than those under Federal law, and thus whether section 893.13(1)(a) is divisible as to the substance involved, because we conclude that

(continued . . .)

meets two of the three criteria we developed in *Matter of Davis* for determining whether a crime qualifies as illicit trafficking. The remaining issue is whether the respondent's conviction under section 893.13(1)(a)(1) of the Florida Statutes necessarily involved the "unlawful trading or dealing" in cocaine. To make that assessment, we must first decide whether, unlike the Florida statute, the "illicit trafficking" clause of section 101(a)(43)(B) of Act includes a specific mens rea requirement.

There is no express mens rea requirement included in the term "illicit trafficking" in section 101(a)(43)(B). Since the phrase "*including* a drug trafficking crime" in section 101(a)(43)(B) is set forth as a subset of "illicit trafficking," Congress must have intended that "illicit trafficking" would encompass other controlled substance offenses beyond those defined to be a "drug trafficking crime" in 18 U.S.C. § 924(c).[6] Thus, the term "illicit trafficking" need not be limited to crimes in Federal, State, or foreign laws that require the defendant's knowledge of the illicit nature of the substance involved for conviction.

It is clear that when Congress revised the Act in 1990, it intended to expand, rather than limit, the removal of aliens convicted of drug offenses. *See Matter of Esqueda*, 20 I&N Dec. 850, 853−54 & n.3 (BIA 1994). We have no reason to believe that Congress intended to impose a specific knowledge requirement, and thus exclude a State drug trafficking crime from the aggravated felony definition, solely because it does not require knowledge of the illicit nature of the substance involved.

The Supreme Court has long recognized the constitutional validity of statutes related to public welfare offenses, such as the illegal dealing of narcotics, even though they lack a mens rea requirement. *See, e.g.*, *United States v. Balint*, 258 U.S. 250, 251–52 (1922) (holding that the general rule requiring proof of criminal intent has been modified for certain statutes that would otherwise be rendered ineffective by such a rule); *Shevlin-Carpenter Co. v. Minnesota*, 218 U.S. 57, 67−68 (1910) (holding that the due process clause of the Fourteenth Amendment does not require a State to prove intent for statutes implicating the "public welfare"); *see also United States v. Dominguez*, 661 F.3d 1051, 1068−69 (11th Cir. 2011) (holding that to require a mens rea element contrary to the plain language of a statute and its legislative history could "functionally eliminate" its purpose); *State v. Adkins*, 96 So. 3d at 422−23 (upholding the

---

the issue has been waived on appeal. *See United States v. Castleman*, 134 S. Ct. 1405, 1414 (2014) (finding that the defendant waived the issue of divisibility).

[6] We recognize that the "drug trafficking crime" clause is not a subset in the usual sense, because that phrase includes some offenses that do not involve a commercial aspect. Thus, the "subset" is both broader and narrower than "illicit trafficking."

constitutionality of section 893.13(1)(a) of the Florida Statutes).  Although we are not aware of any legislative history pertinent to the mens rea issue in this case, given the Supreme Court's view of public welfare offenses lacking a mens rea requirement, it does not appear likely that Congress was unaware of the issue when it expanded the aggravated felony definition to include illicit trafficking.

As we held in *Matter of Davis*, the term "illicit" is defined as "not permitted or allowed; prohibited; unlawful; as an illicit trade."  20 I&N Dec. at 541 (quoting *Black's Law Dictionary* 673 (5th ed. 1979)).  Thus, we gave effect to this plain meaning to construe the term "illicit" as simply referencing the illegality of the trafficking activity.  *Id*.  In deciding this aspect of *Matter of Davis*, we referred without further explanation to the Tenth Circuit's holding in *Bassett v. U.S. INS*, 581 F.2d 1385, 1388 (10th Cir. 1978), which set forth a similar definition for the term "illicit," although the State statute of conviction required some level of intentional conduct.  However, *Davis* did not decide whether an "illicit" act requires knowledge of the unlawful nature of the controlled substance.  It also did not suggest such a mens rea requirement, because a person can engage in the unlawful or illicit trading or dealing in a controlled substance without knowing that the controlled substance that is the subject of the transaction is illegal.

We now expressly hold that there is no such mens rea required by the term "illicit," at least not within the context of the statutory scheme established by Florida, where knowledge of the substance is still required and an affirmative defense is available to show lack of knowledge of the illegal nature of the substance.  To the extent there may have been ambiguity in our prior holdings with regard to whether the term "illicit" implies an intentional state of mind, we explicitly hold that it does not. *See Matter of Esqueda*, 20 I&N Dec. at 862 (withdrawing from prior precedent decisions "to the extent they indicate that aliens convicted under a statute without any element of scienter are not subject to exclusion or deportation").

The DHS has argued that even a purely strict liability offense would qualify as an "illicit trafficking" aggravated felony.  We need not address that question because the Florida statute involved in this case does not go that far.[7]  Section 893.13(1)(a) of the Florida Statutes includes an affirmative defense for a person who possesses a controlled substance

---

[7]   Thus, we need not determine whether, for example, an offense would satisfy the definition of "illicit trafficking" if the statute attached criminal liability for sale of drugs to a person who thought he was delivering stolen diamonds but the package contained a controlled substance.

without knowledge of its illegal nature.  Furthermore, the Florida Supreme Court has held that although the statute eliminated the prior mens rea requirement as to the *illicit nature* of the controlled substance, it still requires that the person be aware of the *presence* of the substance itself. *State v. Adkins*, 96 So. 3d at 422−23 (expressly rejecting the argument that innocent conduct would be punished because "[i]n the unusual circumstance where an individual has actual or constructive possession of a controlled substance but has no knowledge that the substance is illicit, the defendant may present such a defense to the jury"); *see also Matter of Esqueda*, 20 I&N Dec. at 855−56 (noting that where a defense premised on a lack of knowledge is available, the statute is not one of "strict liability").

Because section 893.13(1)(a) retains a mens rea requirement regarding the presence of a controlled substance and includes an affirmative defense for ignorance of its unlawful nature, we do not consider it to be a "strict liability" statute.  We therefore conclude that "illicit trafficking" offenses do not require a mens rea element with respect to knowledge of the illicit nature of the controlled substance, at least when accompanied, as here, by an affirmative defense permitting a defendant to show that he or she had no such awareness, as well as by a requirement that the defendant be aware of the presence of the substance (apart from its illegality).

Next, we must decide if section 893.13(1)(a)(1) is otherwise a categorical match to the illicit trafficking clause of the Act.[8]  To determine if a State crime is a categorical match to the analogous Federal offense, the Eleventh Circuit follows the analytical approach established in *Taylor v. United States*, 495 U.S. 575 (1990), and recently set forth in *Descamps v. United States*, and *Moncrieffe v. Holder*.  *See Donawa v. U.S. Att'y Gen.*, 735 F.3d at 1280−81 & n.3.  On this point, we are guided by our holding in *Davis*, which, as noted earlier, held that to meet the definition of "illicit trafficking" under the Act, the offense must involve a commercial transaction.[9]  *Matter of Davis*, 20 I&N Dec. at 541 (concluding that

---

[8]  As previously noted, there is no question that a violation of section 893.13(1)(a)(1) is a felony, which we have found is required to fall within the "illicit trafficking" clause of the aggravated felony definition in section 101(a)(43)(B) of the Act.  *See Matter of Sanchez-Cornejo*, 25 I&N Dec. at 274−75.  It therefore follows that the Florida statute and the "illicit trafficking" clause of the Act are a categorical match insofar as both are only punishable as felonies.

[9]  Our interpretation that "trafficking" involves a commercial transaction, or passing of goods from one person to another for money or other consideration, has been adopted by the courts of appeal that have addressed it.  *See, e.g.*, *Soto-Hernandez v. Holder*, 729 F.3d 1, 4−5 (1st Cir. 2013) (affirming the "merchant nature" of the Board's definition of "trafficking"); *Rendon v. Mukasey*, 520 F.3d 967, 974–76 (9th Cir. 2008) (holding that possession of a controlled substance with intent to sell contains a "trafficking element"

(continued . . .)

a "business or merchant" element or the commonly understood aspect of "trading or dealing" must be involved for an offense to be "illicit trafficking"); *see also Lopez v. Gonzales*, 549 U.S. at 54 (noting that "ordinarily 'trafficking' means some sort of commercial dealing").

Applying this "commercial transaction" test, we first find that section 893.13(1)(a) is divisible as to the offenses it prohibits. *See Descamps v. United States*, 133 S. Ct. at 2284 (stating that a statute is divisible where it "comprises multiple, alternative versions of the crime"); *Matter of Chairez*, 26 I&N Dec. 349, 352−53 (BIA 2014). As the generally applicable jury instructions for a drug trafficking offense in Florida make clear, section 893.13(1)(a) lists multiple discrete offenses, which may or may not categorically match the "illicit trafficking" clause of section 101(a)(43)(B) of the Act. Fla. Standard Jury Instr. (Crim.) 25.2 (2013) (stating that to prove an offense under section 893.13(1)(a) or (2)(a), the State must prove that the defendant "[sold] [purchased] [manufactured] [delivered] [possessed with intent to sell] [possessed with the intent to purchase] [possessed with intent to manufacture] [possessed with intent to deliver] a certain substance").

For example, since it is illegal to manufacture a controlled substance under the statute, a person could potentially be convicted of manufacturing only a small amount of marijuana or another controlled substance for personal use or with no remuneration. However, we need not decide whether such conduct fits within the scope of "illicit trafficking" because the statute is clearly divisible, and the modified categorical approach applies.[10] *See Descamps v. United States*, 133 S. Ct. at 2283−85 (stating that the modified categorical approach is appropriate to assist courts in applying the categorical approach when assessing a "divisible" criminal statute).

Employing the modified categorical approach, we look to the record of conviction to determine if the respondent's offense is categorically "illicit trafficking." Evidence that may be considered in applying the modified categorical approach includes the charging document, the terms of a plea

---

and is therefore "illicit trafficking in a controlled substance"); *Gerbier v. Holmes*, 280 F.3d 297, 305, 313 (3d Cir. 2002) (following our holding in *Davis* that the two elements required to establish that a crime is "illicit trafficking" are (1) the offense is a felony under the law of the convicting sovereign and (2) it contains a "trafficking element," such as the unlawful trading or dealing of a controlled substance); *Kuhali v. Reno*, 266 F.3d 93, 107−10 (2d Cir. 2001) (deferring to the Board's definition in *Davis* as reasonable); *Navarro-Macias v. INS*, 16 F. App'x 468, 471 (7th Cir. 2001) (applying the "trading or dealing" test in *Davis*).

[10]   We note that there would also have to be a realistic probability of conviction for such an offense under the statute. *See Moncrieffe v. Holder*, 133 S. Ct. at 1684−85.

agreement or transcript of colloquy between the judge and the defendant in which the factual basis for the plea was confirmed by the defendant, or "some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005); *see also Fajardo v. U.S. Att'y Gen.*, 659 F.3d 1303, 1305 (11th Cir. 2011); *Matter of Sanudo*, 23 I&N Dec. 968, 974−75 (BIA 2006).

Count One of the information contained in the record states that the respondent sold cocaine to a confidential informant in violation of section 893.13(1)(a)(1) of the Florida Statutes. The judicial order containing a finding of guilt confirms that the respondent was convicted of selling cocaine under Count One of the information.[11] The Florida courts have consistently held that for purposes of section 893.13(1)(a), "consideration is part of every sale." *State v. Stewart*, 374 So. 2d 1381, 1383 (Fla. 1979). Thus, selling cocaine in violation of section 893.13(1)(a) is categorically an offense involving a "commercial transaction" and therefore meets the "illicit trafficking" definition in *Matter of Davis*. Based on the documents in the record, we conclude that the respondent's conviction for the sale of cocaine under section 893.13(1)(a)(1) is for an aggravated felony as defined by section 101(a)(43)(B) of the Act.[12] Accordingly, his appeal from the Immigration Judge's finding of removability will be dismissed.

## B. Relief From Removal

As an alien convicted of an aggravated felony, the respondent is ineligible for cancellation of removal and asylum. *See* sections 208(b)(2)(A)(ii), (B)(i), 240A(a)(3) of the Act. Moreover, aggravated felonies involving unlawful trafficking in controlled substances are presumptively "particularly serious crimes," and the Immigration Judge properly found that the respondent's aggravated felony conviction rendered him ineligible for withholding of removal under both section 241(b)(3) of the Act and the Convention Against Torture. *See* section 241(b)(3)(B)(ii)

---

[11] This document also states that Count One includes the alleged offense of "Cocaine/Sell/Man/Deliver/Possess W/Intent." Therefore the order not only identifies the statute of conviction as section 893.13(1)(a)(1), but it also establishes that the specific controlled substance is cocaine. The relevant evidence for our purposes is the judicial order's reference to Count One, which clearly demonstrates that the specific statutory element of conviction was the *sale* of the controlled substance.

[12] In view of this conclusion, we need not reach the question whether the respondent's 2009 conviction for possession of a controlled substance with intent to sell in violation of section 893.13(1)(a)(2) of the Florida Statutes is also for an aggravated felony as either "illicit trafficking" or attempted "illicit trafficking."

of the Act; *Matter of Y-L-, A-G- & R-S-R-*, 23 I&N Dec. 270, 276−77 (A.G. 2002); 8 C.F.R. §§ 1208.13(c)(1), 1208.16(d)(2) (2014). The respondent may, however, be eligible for deferral of removal under the Convention Against Torture.

The respondent's claim to deferral of removal is based on his alleged fear of the Revolutionary Armed Forces of Colombia (FARC) in Venezuela. The Immigration Judge found that the respondent did not adequately establish that "he would be tortured by the present government of Venezuela." However, under the proper standard for establishing eligibility for deferral of removal, the respondent needs to show that it is "more likely than not" that he will be subjected to torture "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.17(a), 1208.18(a)(1) (2014); *see also Matter of J-F-F-*, 23 I&N Dec. 912, 917−18 (A.G. 2006); 8 C.F.R. § 1208.16(c). Therefore the Immigration Judge's decision, which contained minimal explanation or analysis, did not properly analyze the respondent's application for deferral of removal. *See generally Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145−46 (11th Cir. 2010) (addressing the applicable burden of proof); *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242−43 (11th Cir. 2004). Accordingly, the record will be remanded to the Immigration Judge.

On remand, the parties should be given an opportunity to present additional evidence pertaining to the respondent's application for deferral of removal, including, but not limited to, testimony and updated country conditions materials. The Immigration Judge should then further consider the respondent's request for that relief, including all necessary findings of fact.

**ORDER:** The respondent's appeal from the Immigration Judge's finding of removability under section 237(a)(2)(A)(iii) of the Act is dismissed.

**FURTHER ORDER:** The respondent's appeal from the denial of his applications for cancellation of removal, asylum, and withholding of removal under section 241(b)(3) of the Act and the Convention Against Torture is dismissed.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.