[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11299

_____

Agency No. A055-033-907

ILIR SPAHO,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 19, 2016)

Before MARCUS, JORDAN, and WALKER,* Circuit Judges.

_____

*Honorable John M. Walker, Jr., United States Circuit Judge for the Second Circuit, sitting by
designation.

WALKER, Circuit Judge:

Ilir Spaho seeks review of the Board of Immigration Appeals' ("the Board") order upholding the Immigration Judge's ("IJ") finding that his conviction for violating Florida Statute § 893.13(1)(a)(1) constituted an aggravated felony and therefore rendered him removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii). After careful review, we affirm.[1]

## I.

Spaho is a citizen of Albania but has been a lawful permanent resident of the United States since 2002. On May 14, 2012, he pled no contest to one count of Trafficking in Illegal Drugs 4<14 Grams in violation of Florida Statute § 893.135(1)(c)(1); two counts of Sale of a Controlled Substance in violation of Florida Statute § 893.13(1)(a)(1); and two counts of Possession with Intent to Sell, Deliver, or Manufacture a Controlled Substance in violation of Florida Statute § 893.13(1)(a)(1). He was sentenced to forty months' imprisonment.

---

[1] Two motions remain pending on the docket for this appeal. The first asks the court to hold its proceedings in abeyance until the Supreme Court of the United States decides *Mathis v. United States*, 136 S. Ct. 894 (granting certiorari). The Supreme Court issued its opinion in *Mathis* on June 23, 2016, *see Mathis v. United States*, 136 S. Ct. 2243 (2016), and the motion is therefore moot. The second is a motion by the Florida Association of Criminal Defense Lawyers ("FACDL") seeking leave to file a brief of *amicus curiae* in support of the petitioner. This motion was filed on September 2, 2016, more than a year after the petitioner submitted his principal brief, and is therefore untimely. *See* Fed. R. App. P. 29(e)(brief of *amicus curiae* to be filed no later than seven days after the principal brief of the party being supported); *see also* 11th Cir. R. 29-2. Both motions are therefore denied.

2

Immediately following his conviction and sentencing, the Department of Homeland Security ("DHS") charged him with removability on two grounds: (1) under § 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i),  as a noncitizen convicted of a violation of law relating to a controlled substance, and (2) under § 237(a)(2)(A)(iii) of the INA as a noncitizen convicted of an aggravated felony based upon his 2012 convictions. Spaho conceded removability under § 237(a)(2)(B)(i) but not under § 237(a)(2)(A)(iii).

Removability under § 237(a)(2)(B)(i) would not bar Spaho from applying for asylum, cancellation of removal, and withholding of removal, but removability under § 237(a)(2)(A)(iii)  would render him ineligible for such relief. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1682 (2013). He argued that he is not removable under § 237(a)(2)(A)(iii) because none of his 2012 convictions were convictions for aggravated felonies.

In July of 2013, the IJ rejected Spaho's arguments and found him removable under § 237(a)(2)(A)(iii) on the basis that his conviction under § 893.135(1)(c)(1) constituted an aggravated felony under the "drug trafficking crime" component of the aggravated felony definition. Section 237(a)(2)(A)(iii) of the INA specifies removability based on an aggravated felony and includes within that category, as set forth in 8 U.S.C. § 1101(a)(43)(B), "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug

3

trafficking crime (as defined in section 924(c) of Title 18)." The IJ did not address whether Spaho's other 2012 convictions were aggravated felony convictions.

Having been convicted of an offense that the IJ found to be an aggravated felony, Spaho became statutorily ineligible for asylum, cancellation of removal, and withholding of removal. *See Moncrieffe*, 133 S. Ct. at 1682. He remained eligible only for deferral of removal under the Convention Against Torture ("CAT"). *See id.* at 1682 n.1.

On July 11, 2014, Spaho submitted an application for cancellation of removal and asked the IJ to reconsider its aggravated felony finding in light of our decision in *Donawa v. U.S. Attorney General*, 735 F.3d 1275 (11th Cir. 2013), that a conviction under Florida Statute § 893.13(1)(a)(2) was not a "drug trafficking crime" under 8 U.S.C. § 1101(a)(43)(B). On August 25, 2014, DHS filed a second brief in support of the aggravated felony charge, citing *Matter of L-G-H*, 26 I&N Dec. 365, 368 (BIA 2014), in which the Board held that, although § 893.13(1)(a) did not fit under the "drug trafficking crime" component, an offense under the statute could still qualify as an aggravated felony under the broader "illicit trafficking" component.

On November 12, 2014, the IJ held that Spaho was statutorily ineligible for asylum, cancellation of removal, and withholding of removal because his §

4

893.13(1)(a)(1) conviction for sale of a controlled substance was an aggravated felony conviction under the "illicit trafficking" component of 8 U.S.C. § 1101(a)(43)(B). The IJ did not address whether Spaho's conviction under § 893.135(1)(c)(1)—the conviction on which the IJ's earlier July 2013 ruling had focused—constituted an aggravated felony conviction as well. The IJ also found that Spaho was not entitled to deferral of removal under the CAT because he failed to establish that it was more likely than not that he would be tortured by or with the acquiescence of the Albanian government. On February 26, 2015, the Board of Immigration Appeals affirmed the IJ's decision.

Spaho now appeals. He argues that the Board erroneously determined that § 893.13(1)(a)(1) is divisible and, as a result, erroneously applied the modified categorical approach rather than the categorical approach in concluding that his conviction under § 893.13(1)(a)(1) constituted  an aggravated felony conviction. He does not challenge the denial of his application for deferral of removal under the CAT.

## II

We review only the decision of the Board "except to the extent that [the Board] expressly adopts the IJ's opinion," in which case we "review the IJ's decision as well." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here the Board did not expressly adopt the IJ's opinion. "We review *de novo* whether a

5

conviction qualifies as an 'aggravated felony.'" *Accardo v. U.S. Atty. Gen.*, 634 F.3d 1333, 1335 (11th Cir. 2011).

### III

To assess whether Spaho's state conviction was an aggravated felony conviction, the Board first had to decide whether § 893.13(1)(a)(1) is divisible and thus subject to the modified categorical approach instead of the categorical approach in comparing the elements of § 893.13(1)(a)(1) with the elements of the corresponding aggravated felony of "illicit trafficking in a controlled substance." *See Moncrieffe*, 133 S. Ct. at 1685.

A state statute is divisible when it "lists a number of alternative elements that effectively create several different crimes." *Donawa*, 735 F.3d at 1281. Conversely, a state statute is indivisible when it contains a single set of elements that are not set forth in the alternative. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Such a statute remains indivisible even if it "enumerates various factual means of committing a single element." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

The Supreme Court held in *Descamps v. United States* that the categorical approach applies to indivisible statutes, whereas the modified categorical approach applies to divisible statutes (i.e. statutes that "comprise[] multiple, alternative versions of a crime"). 133 S. Ct. at 2281-83.

6

Under the categorical approach, the court examines solely "whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Moncrieffe*, 133 S. Ct. at 1684 (internal quotation marks omitted). The court must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime," and conviction under the state statute will only constitute a conviction for the generic offense "if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps*, 133 S. Ct. at 2281. If the statute can be violated by an act that does not fit within the generic offense, then the statute cannot qualify as an aggravated felony under the categorical approach, and this is true even if the actual conduct of the defendant fell within the generic crime. *See id.*

Under the modified categorical approach that applies to statutes that are divisible into alternative crimes, on the other hand, the court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction" and then "do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Id*.

In this case, the Board was correct in upholding the IJ's determination that § 893.13(1)(a)(1) is divisible. In determining divisibility, we focus primarily on the statutory text. *See United States v. Howard*, 742 F.3d 1334, 1346 (11th Cir. 2014). Section 893.13(1)(a) provides in relevant part that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." The text delineates six discrete alternative elements: sale, delivery, manufacture, possession with intent to sell, possession with intent to deliver, and possession with intent to manufacture. Accordingly, the statute is divisible.

We reject Spaho's argument that § 893.13(1)(a) contains not a set of alternative elements but rather a single element that can be satisfied by a series of alternative means. To determine whether a statute sets forth alternative elements or means, we take guidance from state court decisions. *Mathis*, 136 S. Ct. at 2256. Here, Florida case law supports our conclusion that the listed items in § 893.13(1)(a) are elements rather than means. In *Tyler v. State*, the District Court of Appeal of Florida discussed "clear direction" from the Supreme Court of Florida "that possession with intent to sell, on the one hand, and the actual sale, on the other, of the same illicit substance should be viewed, not as alternative ways in which section 893.13(1)(a) could be violated, but as two separate crimes." 107 So. 3d 547, 549-51 (Fla. Dist. Ct. App. 2013).  In *State v. McCloud*,

8

one of the cases referred to in *Tyler*, the Supreme Court of Florida decided that possession and sale are separate crimes such that both can be charged in the same indictment without violating the Double Jeopardy Clause. 577 So. 2d 939, 940 (Fla. 1991).  In *Thomas v. State*, the District Court of Appeal of Florida clarified that possession and sale are separate crimes even if both offenses are proscribed by the same statute and pertain to the same illicit substance. 61 So. 3d 1157, 1158 (Fla. Dist. Ct. App. 2011).

We also find unpersuasive Spaho's argument that the divisibility determination made by the Board in his case conflicts with our holding in *Donawa*. To be sure, *Donawa* applied the categorical approach for indivisible statutes in finding that a conviction under § 893.13(1)(a)(2) did not qualify as an aggravated felony under the drug trafficking component of 8 U.S.C. § 1101(a)(43)(B). 735 F.3d at 1281-82. But *Donawa* dealt with a different and narrower question than that presented here, which was whether an affirmative defense defined by Florida Statute § 893.101 (which includes a mens rea element) renders § 893.13(1)(a)(2) (which does not otherwise include a mens rea element) divisible by "effectively creat[ing] a separate offense." *Id.* at 1282. While *Donawa* found the affirmative defense insufficient to render § 893.13(1)(a)(2) divisible, the case did not engage in a textual analysis of § 893.13(1)(a) to ascertain its divisibility. Specifically, *Donawa* did not analyze the actus reus

9

element of § 893.13(1)(a) to ascertain whether the separate acts forbidden by the statute rendered it divisible by establishing multiple, alternative offenses of which a defendant could be convicted. Indeed, the Court had no reason to engage in that analysis because the Florida statute's lower mens rea requirement rendered it categorically not a "drug trafficking crime." However, since the "illicit trafficking" aggravated felony does not have the same heightened mens rea requirement as drug trafficking crimes, *see Matter of L-G-H*, 26 I & N Dec. 365, 370 (BIA 2014), [2] we cannot stop where the *Donawa* Court did. Performing the appropriate textual analysis here, we agree with the Board that the statute is divisible with respect to the "act" element and that the modified categorical approach applies.

Under the modified categorical approach, Spaho's conviction constitutes an "illicit trafficking" aggravated felony. Some of the alternative elements set forth in § 893.13(1)(a) involve "illicit trafficking" and some do not. An "illicit trafficking" aggravated felony includes "any state, federal, or qualified foreign felony conviction involving the unlawful trading or dealing of any controlled

---

[2] Following *Donawa*, in *Matter of L-G-H*, 26 I&N Dec. 365 (BIA 2014), the BIA applied the modified categorical approach to hold that a conviction for the sale of cocaine under Fla. Stat. § 893.13(1)(a)(1) qualified as an "illicit trafficking" aggravated felony. *Id*. at 373-74.  As relevant here, the BIA held that "'illicit trafficking' offenses do not require a mens rea element with respect to knowledge of the illicit nature of the controlled substance, at least when accompanied, as [in the Florida statute], by an affirmative defense permitting a defendant to show that he or she had no such awareness, as well as by a requirement that the defendant be aware of the presence of the substance (apart from its illegality)." *Id*. at 371. Spaho does not challenge the correctness of the BIA's definition of illicit trafficking, and we express no opinion on it.

substance." *Matter of Davis*, 20 I&N Dec. 536, 541 (BIA 1992). "[U]nlawful trading or dealing" requires commercial conduct. *Id.*; *see Lopez v. Gonzalez*, 549 U.S. 47, 53 (2006) ("'[T]rafficking' means some sort of commercial dealing."). Two of the alternative elements of § 893.13(1)(a), sale and possession with intent to sell, are inherently commercial and qualify under the definition of an illicit trafficking aggravated felony while the other four alternatives may not be commercial and may not qualify.[3] Spaho was adjudged guilty of selling a controlled substance, and therefore his conviction qualifies because the state provision, when read to include only the sale crime and not the other alternative crimes, easily falls within the generic "illicit trafficking" offense.

In sum, we find that the Board properly held that § 893.13(1)(a)(1) was divisible, applied the modified categorical approach for divisible statutes, and found Spaho removable under § 237(a)(2)(A)(iii) of the INA as a noncitizen convicted of an aggravated felony.

For these reasons, we deny Spaho's petition for review.

PETITION DENIED.

---

[3] As the BIA explained in *Matter of L-G-H*, under the BIA's longstanding definition, "illicit trafficking" requires a "commercial transaction," or the "passing of goods from one person to another for money or other consideration." 365 I & N Dec. at 371-72 & n.9. Because a "sale" under the Florida law categorically requires consideration, the BIA held that a conviction for the sale element of § 893.13(1)(a) involved a commercial transaction, and therefore met the BIA's definition of illicit trafficking. *Id.* at 372-73.

11

JORDAN, Circuit Judge, dissenting:

The question in this case is whether a narcotics conviction for violation of Fla. Stat. § 893.13(1)(a)(1) is an "aggravated felony" under the INA because it constitutes "illicit trafficking in a controlled substance (as defined in [21 U.S.C. § 802]), including a drug trafficking crime (as defined in [18 U.S.C. § 924(c)])." 8 U.S.C. § 1101(a)(43)(B). The majority answers that question in the affirmative in part by blessing the BIA's use of the so-called "modified categorical" approach. *See* Maj. Op. at 8–10.

With respect, I dissent. In a published opinion issued just three years ago, we used the "categorical" approach to determine whether a conviction for violation of § 893.13(1)(a)(2) was an "aggravated felony" under the "drug trafficking crime" language of § 1101(a)(43)(B) of the INA, while expressly rejecting the government's invitation to use the "modified categorical" approach. *See Donawa v. Atty. Gen.*, 735 F.3d 1275, 1280–83 (11th Cir. 2013). We are bound by *Donawa* to apply the "categorical" approach in deciding whether § 893.13(1)(a)(1)—which differs from § 893.13(1)(a)(2) only insofar as the type of drug (and penalty) involved—is an "aggravated felony" under the "illicit trafficking" language of § 1101(a)(43)(B) of the INA.

12

## I

"When the Government alleges that a state conviction qualifies as an 'aggravated felony' under the INA, we generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA.  Under this approach we look 'not to the facts of the particular prior case,' but instead to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony."  *Moncrieffe v. Holder*, 133 S.Ct. 1678, 1684 (2013) (citations omitted).[1]

In *Donawa*, we held that possession of marijuana with intent to sell or deliver, in violation of § 893.13(1)(a)(2), was not an "aggravated felony" under § 1101(a)(43)(B) of the INA because, as a matter of law, it was not a "drug trafficking crime" as defined in 18 U.S.C. § 924(c).  As we explained, a "person could be convicted [under the Florida statute] . . . without any knowledge of the nature of the substance in his possession," and that made the Florida offense different than the federal analogue—21 U.S.C. § 841(a)(1)—which "requires that

---

[1] In contrast, the "modified categorical" approach "applies to 'state statutes that contain several different crimes, each described separately.'  In such cases, 'a court may determine which particular offense the non-citizen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea.'"  *Mellouli v. Lynch*, 135 S.Ct. 1980, 1986 n.4 (2015) (citation omitted).

13

the defendant had knowledge of the nature of the substance in his possession." 735 F.3d at 1281–82.

In coming to this conclusion, we used the "categorical" approach described in *Moncrieffe* and earlier cases. *See id.* at 1280, 1282, 1283. And we expressly rejected the government's invitation to apply the "modified categorical" approach because § 893.13(1) was not divisible, i.e., it did not list "a number of alternative elements that effectively create several different crimes, some of which are aggravated felonies and some of which are not." *Id.* at 1282. We remanded to the BIA with directions that, if it wished to consider whether a conviction under § 893.13(1)(a)(2) was an "aggravated felony" because it was an "illicit trafficking" offense, it "should apply the categorical approach . . . assuming the least culpable conduct under the statute and asking whether it would necessarily be considered an illicit trafficking offense punishable as a felony under federal law." *Id.* at 1283 (citing *Moncrieffe*, 133 S.Ct. at 1685).

I was a member of the panel in *Donawa*, and believe that it was correctly decided, but that is not my point here. The important aspect of *Donawa*, for our purposes, is that it applied the "categorical" approach to subsection (a)(2) of § 893.13(1), and eschewed application of the "modified categorical" approach because it concluded that the statute was not divisible. It is difficult for me to understand how we can now apply the "modified categorical" approach in the face

14

of *Donawa*.  If, as we held in *Donawa*, § 893.13(1) is not divisible, then the "modified categorical" approach cannot be used here.[2]

## II

The problem can be traced to *Matter of L-G-H*, 26 I&N Dec. 365, 2014 WL 4105411 (BIA 2014), which the BIA decided nine months after *Donawa*.  The BIA in *L-G-H* cited to and discussed *Donawa*, but then inexplicably failed to follow its remand instructions.  Instead of applying the "categorical" approach, as *Donawa* had instructed, to determine whether a conviction for violation of § 893.13(1)(a)(1) is an "aggravated felony" because it is an "illicit trafficking" offense under § 1101(a)(43)(B), the BIA in *L-G-H* concluded—contrary to *Donawa*—that the Florida statute is divisible and applied the "modified categorical" approach.  *See L-G-H*, 26 I&N at 371 ("we first find that [§] 893.13(1)(a) is divisible as to the offenses it prohibits").  In the present case, the BIA followed the rationale of *L-G-H* and again applied the "modified categorical" approach.  *See* A.R. at 93–95.

## A

The BIA erred in not following *Donawa* in *L-G-H*.  First, the BIA has itself said on various occasions that it is bound by the precedent of the circuit where an immigration case arises.  *See, e.g.*, *In re Ponce De Leon-Ruiz*, 21 I&N Dec. 154,

---

[2] I acknowledge that, with respect to other subsections of § 1101(a)(43), sometimes it is not appropriate to apply the "categorical" approach to determine whether a state conviction constitutes an "aggravated felony."  *See, e.g., Nijhawan v. Holder*, 557 U.S. 39, 35–40 (2009) (addressing § 1101(a)(43)(M)(i)).

15

159 (BIA 1996) (en banc); *In re Zorilla-Vidal*, 24 I&N 768, 769 (BIA 2009).

Second, the BIA did not even attempt to explain why it was justified in rejecting *Donawa* and holding—contrary to *Donawa*—that § 893.13(1) is divisible.

Before the immigration judge and the BIA, Mr. Spaho expressly relied on *Donawa* and challenged the rationale and holding of *L-G-H*. *See, e.g.,* A.R. at 59–60, 86–87. And in his brief to us, Mr. Spaho has again asserted that *L-G-H* was wrongly decided and argued that we must use the "categorical" approach, as *Donawa* instructed. *See* Br. for Petitioner at 14–19. Given Mr. Spaho's arguments, I do not see how we can fail to confront, head-on, whether *L-G-H* should be abrogated.

## B

Under our prior panel precedent rule, it is irrelevant to us whether *Donawa* is correct, or whether the panel in *Donawa* actually considered all possible issues, theories, and arguments. *See Cohen v. Office Depot*, 204 F.3d 1069, 1076 (11th Cir. 2000) (en banc) (explaining that the prior panel precedent rule is not dependent on "a subsequent panel's appraisal of the initial decision's correctness"); *Tippit v. Reliance Standard Life*, 457 F.3d 1227, 1234 (11th Cir. 2006) ("a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel"). What matters to us is

16

what *Donawa* decided.  I would hold that the "categorical" approach used by *Donawa* governs here, and that the BIA's decision in *L-G-H* should be abrogated.

## C

Unlike my colleagues, I do not believe that *Donawa* can be distinguished on the ground articulated in the majority opinion.  *Donawa* itself considered the effect of the affirmative defense of lack of knowledge, and yet still applied the "categorical" approach.  So the affirmative defense theory does not allow us to sidestep *Donawa*.  *Compare* Maj. Op. at 9-10 *with Donawa*, 735 F.3d at 1282–83.

My colleagues also say *Donawa* "did not engage in a textual analysis of § 893.13(1)(a)(1) to ascertain its divisibility." Maj. Op. at 9.  That observation, even if technically true, does not matter because § 893.13(1)(a)(2) and § 893.13(1)(a)(1) are the same except insofar as they reference different types of drugs (and their respective penalties).

I recognize that in this case we are addressing the "illicit trafficking" language of § 1101(a)(43)(B), and that *Donawa* addressed "drug trafficking," which is a subset of "illicit trafficking."  But in both cases we are looking at the same Florida statute, § 893.13(1), and under *Donawa* we (and the BIA) must apply the "categorical" approach to determine whether a violation of that statute constitutes "illicit trafficking" under the INA.  Stated differently, the question of what approach to use is antecedent to the question of whether a state conviction

17

ultimately qualifies as an "aggravated felony" of one kind or another. *See*

*Moncrieffe*, 133 S.Ct. at 1684.[3]

I express no view on whether, using the "categorical" approach, a conviction

under § 893.13(1)(a)(1) is an "illicit trafficking" crime. That is a matter for the

BIA to decide in the first instance, and I would remand to the BIA with

instructions to perform the appropriate analysis.

## III

*Donawa* rejected the argument that § 893.13(1) is divisible, and therefore

declined to use the "modified categorical" approach. Due to the majority's opinion

today, we now have published precedent applying the "categorical" approach (and

expressly rejecting the "modified categorical" approach) with respect to

§ 893.13(1)(a)(2) and the "drug trafficking" language of § 1101(a)(43)(B), as well

as published precedent applying the "modified categorical" approach with respect

to § 893.13(1)(a)(1) and the "illicit trafficking" language of § 1101(a)(43)(B). If

there is a way to slice a strand of hair so thinly, I do not see it.

---

[3] The Fifth Circuit, in a case decided after *Donawa*, initially characterized § 893.13(1) as divisible but then used the "categorical" approach of *Donawa* and held that § 893.13(1)(a)(1)—the very provision at issue here—is not a "drug trafficking crime" constituting an "aggravated felony" under the INA. *See Sarmientos v. Holder*, 742 F.3d 624, 629–31 (5th Cir. 2014). Although *Sarmientos* is not on "all fours," it is a bit odd to have a Fifth Circuit panel follow *Donawa* and its "categorical" approach as to § 893.13(1)(a)(1) while seeing an Eleventh Circuit panel do the opposite.