JORDAN, Circuit Judge,
dissenting:
The question in this case is whether a narcotics conviction for violation of Fla. Stat. § 893.13(l)(a)(l) is an “aggravated felony” under the INA because it constitutes “illicit trafficking in a controlled substance (as defined in [21 U.S.C. § 802]), including a drug trafficking crime (as defined in [18 U.S.C. § 924(c) ]).” 8 U.S.C. § 1101(a)(43)(B). The majority answers that question in the affirmative in part by blessing the BIA’s use of the so-called “modified categorical” approach. See Maj. Op. at 1177-78. ■
With respect, I dissent. In a published opinion issued just three years ago, we used the “categorical” approach to determine whether a conviction for violation of § 893.13(l)(a)(2) was an “aggravated felony” under the “drug trafficking crime” language of § 1101(a)(43)(B) of the INA, while expressly rejecting the government’s invitation to use the “modified categorical” approach. See Donawa v. Atty. Gen., 735 F.3d 1275, 1280-83 (11th Cir. 2013). We are bound by Donawa to apply the “categorical” approach in deciding whether § 893.13(l)(a)(l) — which differs from § 893.13(l)(a)(2) only insofar as the type of drug (and penalty) involved — is an “aggravated felony” under the “illicit trafficking” language of § 1101(a)(43)(B) of the INA.
I
“When the Government alleges that a state conviction qualifies as an ‘aggravated felony’ under the INA, we generally employ a ‘categorical approach’ to determine whether the state offense is comparable to an offense listed in the INA. Under this approach we look ‘not to the fact's of the particular prior case,’ but instead to whether ‘the state statute defining thé crime of conviction’ categorically fits within the ‘generic’ federal definition of a corresponding aggravated felony.” Moncrieffe v. Holder, — U.S. —, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013) (citations omitted).[1]
*1180 In Donawa, we held that possession of marijuana with intent to sell or deliver, in violation of § 893.13(l)(a)(2), was not an “aggravated felony” under .§ 1101(a)(43)(B) of the INA because, as a matter of law, it was not a “drug trafficking crime” as defined in 18 U.S.C. § 924(c). As we explained, a “person could be .convicted [under the Florida statute] ... without any knowledge of the nature of the substance in his possession,” and that made the Florida offense different than the federal analogue — 21 U.S.C. § 841(a)(1) — which “requires that the defendant had knowledge of the nature of the substance in his possession.” 735 F.3d at 1281-82.
In coming, to this conclusion, we used the “categorical” approach described in Moncrieffe and earlier cases. See id. at 1280, 1282, 1283. And we expressly rejected the government’s invitation to apply.the “modified categorical” approach because § 893.13(1) was not divisible, i.e., it did not list “a number of alternative elements that effectively create several different crimes, some of which are aggravated felonies and some.of which are not.” Id. at 1282. We remanded to the BIA with directions that, if it wished to consider whether a conviction under § 893.13(l)(a)(2) was an “aggravated felony” because it was an “illicit trafficking” offense, it “should apply the categorical approach ... assuming the least culpable conduct under the statute and asking whether it would necessarily be considered an illicit trafficking offense punishable as a felony under federal law.” Id. at 1283 (citing Moncrieffe, 133 S.Ct. at 1685).
I was a member of the panel in Donawa, and believe that it was correctly decided, but that is not my point here. The important aspect of Donawa, for our purposes, is 'that it applied the “categorical” approach to" subsection (a)(2) of § 893.13(1), and eschewed application of the “modified categorical” approach because it concluded that the statute was[1] not divisible. It is difficult for me to understand how we can now apply the “modified categorical” approach in the face of Donawa. If, as we held in Donawa, § 893.13(1) is not divisible, then the “modified categorical” approach cannot be used here.[2]
II
The problem can be traced to Matter of L-G-H, 26 I. & N. Dec. 365, 2014 WL 4105411 (BIA 2014), which the BIA decided nine months after Donawa. The BIA in L-G-H cited to and discussed Donawa, but then inexplicably failed to follow its remand instructions. Instead of applying the “categorical” approach, as Donawa had instructed, to determine whether a conviction for violation of § 893.13(l)(a)(l) is an “aggravated felony” because it is an “illicit trafficking” offense under § 1101(a)(43)(B), the BIA in L-G-H concluded — contrary to Donawa — that the Florida statute is divisible and applied the “modified categorical” approach. See L-G-H, 26 I. & N. Dec. at 371 (“we first find that [§ ] 893.13(l)(a) is divisible as to the offenses it prohibits”). In *1181 the present case, the BIA followed the rationale of L-G-H and again applied the “modified categorical” approach. See A.R. at 93-95.
A
The BIA erred in not following Donawa in L-G-H. First, the BIA has itself said on various occasions that it is bound by the precedent of the circuit where an immigration case arises. See, e.g., In re Ponce De Leon-Ruiz, 21 I. & N. Dec. 154, 159 (BIA 1996) (en banc); In re Zorilla-Vidal, 24 I. & N. Dec. 768, 769 (BIA 2009). Second,-the BIA did not even attempt to explain why it was justified in rejecting Donawa and holding — contrary to . Donawa — that § 893.13(1) is divisible.
Before the immigration judge and the BIA, Mr. Spaho expressly relied on Dona-wa and challenged the rationale and holding of L-G-H. See, e.g., A.R. at 59-60, 86-87. And in his brief to us, Mr. Spaho has again asserted that L-G-H was wrongly decided and argued that we must use the “categorical” approach, as Donawa instructed. See Br. for Petitioner at 14-19. Given Mr. Spaho’s arguments, I do not see how we can fail to confront, head-on, whether L-G-H should be abrogated.
B
Under our prior panel precedent rule, it is irrelevant to us whether Donawa is correct, or whether the’ panel in Donawa actually considered all possible issues, theories, and arguments. See Cohen v. Office Depot, 204 F.3d 1069, 1076 (11th Cir. 2000) (en banc) (explaining that the prior panel precedent rule is not dependent on “a subsequent panel’s appraisal of the initial decision’s correctness”); Tippitt v. Reliance Standard Life, 457 F.3d 1227, 1234 (11th Cir. 2006) (“a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel”). What matters to us is what Donawa decided. I would hold that the “categorical” approach used by Dona-wa governs here, and that the BIA’s decision in L-G-H should be abrogated.
C
Unlike my colleagues, I do not believe that Donawa can be distinguished on the ground articulated in the majority opinion. Donawa itself considered the effect of the affirmative defense of lack of knowledge, and yet still applied the “categorical” approach. So the affirmative defense, theory does not. allow us to sidestep Donawa. Compare Maj. Op. at 1178 with Donawa, 735 F.3d at 1282-83.
My colleagues also say Donawa “did not engage in a textual analysis of § '893.13(l)(a)(l) to ascertain its divisibility.” Maj. Op. at 1178. That observation, even if technically true, does not matter because § 893.13(l)(a)(2) and § 893.13(l)(a)(l) are the same except insofar as they reference different types of drugs (and their respective penalties).
I recognize that in this case we are addressing the “illicit trafficking” language of § 1101(a)(43)(B), and that Donawa addressed “drug trafficking,” which is a subset of “illicit trafficking.” But in both cases we are looking at the same Florida statute, § 893.13(1), and under Donawa we (and the BIA) must apply the “categorical” approach to determine whether a violation of that statute constitutes “illicit trafficking” under the INA. Stated differently, the question of what approach to use is antecedent to the question of whether a state conviction ultimately qualifies as an “aggravated felony” of one kind or another. See Moncrieffe, 133 S.Ct. at 1684.[3]
*1182 I express no view on whether, using the “categorical” approach, a conviction under § 893.13(l)(a)(l) is an “illicit trafficldng” crime. That is a matter for the BIA to decide in the first instance, and I would remand to the BIA with instructions to perform the appropriate analysis.
Ill
Donawa rejected the argument that § 893.13(1) is divisible, and therefore declined to use the “modified categorical” approach. Due to the majority’s opinion today, we now have published precedent applying the “categorical” approach (and expressly rejecting the “modified categorical” approach) with respect to § 893.13(l)(a)(2) and the “drug trafficldng” language of § 1101(a)(43)(B), as well as published precedent applying the “modified categorical” approach with respect to § 893.13(l)(a)(l) and the “illicit trafficldng” language of § 1101(a)(43)(B). If there is a way to slice a strand of hair so thinly, I do not see it.

. I acknowledge that, with respect to other subsections of § 1101(a)(43), sometimes it is not appropriate to apply the "categorical” approach to determine whether a state conviction constitutes an "aggravated felony.” See, e.g., Nijhawan v. Holder, 557 U.S. 29, 35-40, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009) (addressing § 1101(a)(43)(M)(i)).

. The Fifth Circuit, in a case decided after Donawa, initially characterized § 893.13(1) as divisible but then used the "categorical” approach of Donawa and held that § 893.13(l)(a)(l) — the very provision at issue here — is not a "drug trafficking crime” constituting an "aggravated felony” under the INA. See Sarmientos v. Holder, 742 F.3d 624, 629-31 (5th Cir. 2014). Although Sarmientos is not on "all fours,” it is a bit odd to have a Fifth Circuit panel follow Donawa and its "categorical” approach as to § 893.13(l)(a)(l) while seeing an Eleventh Circuit panel do the opposite.